## PHŒBE SHECKLES, RESPONDENT, *v.* N. B. SHECKLES, APPELLANT.

An application for a change of venue to suit the convenience of witnesses should not be denied because the application was not made until after the answer was filed and the cause set for trial. Nor is it necessary that the answer should make any allusion to the facts on which such application is based.

The fact that the case had been set down for trial on a certain day should not interfere with an application for change of venue to suit the convenience of witnesses, unless there had been delay in making the application, or the parties had already prepared for the trial by subpœnaing witnesses, etc.

When an allowance is made to a wife for expenses of procuring attendance of witnesses in one district, and the case is afterwards removed to another district where all the witnesses reside, it would be proper for the Judge of the latter district to review the allowance made, and modify it according to his views of the necessary costs in his district.

AN application was made to this Court for a writ of *certiorari*, requiring the Judge of the Fourth Judicial District of the State of Nevada, the Hon. W. Haydon, to show by what authority he had made an order on N. B. Sheckles to pay over a certain amount of money to respondent, Phœbe Sheckles, and had directed the issuance of an execution to enforce said payment.

The Court granted a rule to show cause why a writ should not issue.

About the time that N. B. Sheckles obtained the writ of *certiorari* he perfected an appeal from the order of the District Court of the Fourth Judicial District refusing an application for change of venue. By consent of parties, both cases were heard and argued together. The question raised by the *certiorari* was as to whether a Judge could, pending a suit for divorce, make an allowance to the wife, who was plaintiff, and enforce it by execution against defendant's estate.    The Court held that such proceeding was regular, but gave no written opinion on this branch of the case.    The Court held, as will be seen by the opinion, that a change of venue should have been allowed.

*Thomas E. Haydon*, for Petitioner and Appellant, made the following points on his motion for writ of *certiorari:*

1st. Because no Court in this State has jurisdiction of an action for divorce from the bonds of matrimony, and of any proceedings based upon such action.

2d. Because the first section of an Act entitled "An Act amendatory of an Act relating to Marriage and Divorce, and approved November 28th, A.D. 1861, being Chapter XXXIII of the Laws of Nevada," passed in Senate on the seventeenth and in Assembly on the eighteenth of January, A.D. 1867, so far as it authorized a Judge or Court, on motion and notice, to require a husband to pay sums to wife to enable her to carry on or defend a suit, is void, because it deprives a man of his property without due process of law.

3d. Because the defendant resided in Douglas County, and the plaintiff had not resided in Lyon County for a period of six months before the commencement of her suit on the eleventh day of June, A.D. 1867.

4th. Because the complaint in said cause, even if the Court had jurisdiction, does not state facts sufficient to constitute a cause of action for divorce.

He also referred to the following authorities:

Residence and domicil same.    (See Burrill & Bouvier, respective definitions; Story on Conflict of Laws, Secs. 40, 44.)

Where wife is plaintiff, not admissible to grant alimony. (Bishop, 576; *Shelton* v. *Pendleton*, 18 Conn. 417.)

Jurisdiction of divorces granted by express statutes. (Bishop, Secs. 21, 264; *Richardson* v. *Richardson*, 2 Mass. 152; Bishop, latter part of Sec. 742, and numerous cases there cited in Note 1.)

Cruelty. (Definition of Bishop, Secs. 454, 459.)

The acts must be pleaded, and are not mere evidence. (Bishop, 458.)

Alimony not granted upon a defective complaint. (Willard's Equity, 66; *Rose* v. *Rose*, 11 Paige, 166; *Wood* v. *Wood*, 2 Id. 454; 8 Wendell, 377; Bishop, 581.)

No brief on file by respondent.

Opinion by LEWIS, J., BEATTY, C. J., concurring.

The venue in this case should have been changed upon the showing made by the defendant. The plaintiff herself declares that her witnesses reside in Douglas County; the defendant swears that all of his reside in that county; and the Judge below seems to have been perfectly satisfied that the convenience of witnesses demanded a change; but it was refused, because, as stated by the Court below, the defendant " having filed his answer to the merits and not objecting to the venue until after the case was set for trial, he therefore waived his right to the change for the accommodation of witnesses." And to sustain this ruling, the following authorities are invoked: *Tooms* v. *Randall*, 3 Cal. 438; *Keyes* v. *Sanford*, 5 Id. 117; *Parkes* v. *Freer*, 9 Cal. 642.

The mere fact that the defendant filed his answer to the merits certainly should not, in a case of this kind, interfere with his right to a change of venue, if the convenience of witnesses required it. When the action is brought in the wrong county—for example, in a county where none of the parties reside—and a change of venue is sought on that ground, and that alone, the Supreme Court of California, in the cases referred to, seem to have held that such fact ought to be taken advantage of in the answer, and that it ought to be treated as waived if not so taken. But in this case the defendant certainly does make the objection—that is, he denies that the plaintiff is a resident of Lyon County, and avers that he himself is a resident of Douglas County. The fact, if established, would at least make it the duty of the Court below to transfer the case to the

proper county.  Actions of this character can only be brought in the county " where the cause for the divorce shall have occurred, or in which the defendant shall reside or be found, or in which the plaintiff shall reside, if the latter be either the county in which the parties last cohabited, or in which the plaintiff shall have resided for six months before suit be brought."  The jurisdiction of the District Court over this case is based exclusively upon the fact that the plaintiff had resided in Lyon County for a period of six months prior to the institution of this suit.  That fact is alleged in the complaint, and specially denied in the answer.  Thus the right of the District Court of Lyon County to try the cause is directly put in issue.

But it is of no consequence, so far as this case is concerned, whether that fact was sufficiently presented in the answer or not. Its entire omission could in no wise affect the right to have the venue changed for the convenience of witnesses.  That is a fact not necessary to appear in the pleading.  Section 21 of the Practice Act provides that " the Court may on motion change the place of trial" * * * " when the convenience of witnesses and the ends of justice will be promoted by the change."  It is clearly shown and not contradicted that the witnesses who will be called on in this case all reside in Douglas County, and the Judge below concedes that the " convenience of witnesses would be promoted " by transferring the case to Douglas County ; but it is claimed there was delay in making the application, and for that reason, if no other, the defendant's motion should be denied.

The record presented to us certainly discloses no serious laches on the part of defendant.  The summons, it appears, was served on the twenty-fourth day of June.  The answer was filed July 24th, which was within the statutory time, and this motion for change of venue was first made on the thirtieth of September, and afterwards renewed on the fifth of October by consent of counsel.  Thus, only about two months after issue joined, and at the first Term of the Court thereafter, the motion is made.  For aught we know from the record, the case might have been tried as soon in the County of Douglas as in the County of Lyon.  That the motion was not made until after the case was set for trial should not of itself have any

influence with the Judge in denying the application. If it was made before the witnesses were subpœnaed and preparation for trial had been made, the motion should have been granted as well before as after the setting of the case, unless it appeared that there had been an unjustifiable delay in making it, whereby, if the change were made, the other party would be prejudiced. There is really no significance in the mere fact that the case is set for trial beyond this, that usually when a case is set, all the preparations are made to try it in that county. If no such preparations have been made, and there has been no inexcusable delay, the application should be granted, if by so doing " the convenience of witnesses and the ends of justice will be promoted." The changing of the venue is a matter which rests very much in the discretion of the Judge at *nisi prius*, and we are very loth to interfere with his rulings ; but as a case for a change of venue is here clearly made out, and it is denied by the Judge below, as it appears, simply because the motion was not made until after the case had been set for trial, we think the case is clearly one calling for the interference of this Court.

The order refusing a change of venue must be reversed, and the case transferred to Douglas County. And as the change is to a county where all the witnesses reside, it will not be improper for the Judge who tries the case to reconsider the allowance for alimony and award such sum as may, under all circumstances, be deemed necessary.