JOHN A. MELAHN, Appellant, v. FRANCES
C. MELAHN, Respondent.

No. 4439

April 2, 1962          370 P.2d 213

*Guild, Busey & Guild,* and *Howard L. Cunningham,*
of Reno, for Appellant.

*Vargas, Dillon & Bartlett,* of Reno, for Respondent.

## O P I N I O N

By the Court, McNamee, J.:

The parties hereto obtained a decree of divorce in Reno on May 8, 1948. Said decree was modified in April 1949 and May 1951. The 1951 modification approved an agreement of the parties entered into subsequent to the 1949 amendment and ordered the parties "each to abide thereby and to perform their respective obligations thereunder." Said agreement, as so approved, awarded custody of the children to the respondent and ordered the appellant to pay $40 per week for their support. It also provided that if the respondent "finds it necessary or advisable to incur expense for medicines, or for medical, hospital or dental service for said minor children, or either of them, that she will employ only doctors who are members of the American Medical Association, and only dentists who are members of the American Dental Association. When so employed, the doctor, dentist or hospital, shall render an itemized bill for services performed; and the doctor, dentist, or proper official of the hospital shall attach an affidavit verifying said bills. These shall be sent directly to the [appellant], who will be required to immediately pay the same.

"If it is essential for the [respondent] to advance money to pay any such bills, upon receipt of the receipted bill, properly sworn to as above provided, the [appellant] shall, within ten (10) days after receipt of such bill, forthwith repay the [respondent] the sum, or sums, involved in the payments made by her."

The agreement gave certain visitation rights to the appellant, but stated that if he at any time failed to

make payments as provided in the agreement he would have no right to visit the children or have said children visit him until all arrearages were paid. It further provided that if he made all payments required of him, and the respondent refused him his visitation rights (including the right to have the children with him at specified periods), then his obligation to pay anything to the respondent for support of the children would terminate during the period of such refusal.

Thereafter, the respondent submitted to the husband certain bills for the children's medical and dental expenses, none of which was itemized or contained an affidavit of any kind. Furthermore, the bills from doctors and dentists submitted to the appellant gave no indication whether the doctors or dentists were members of the associations specified in the agreement.

The husband refused to pay the bills.

The wife refused visitation rights.

The husband refused to pay support for the children.

Thereafter on March 31, 1960, pursuant to NRS 125.-180, the wife filed a motion to have judgment entered against the husband for the sum of $1,501 she claimed to be due her for child support and medical expenses under the decree of divorce as modified in 1951. The lower court, on February 17, 1961, gave her judgment for these amounts and, in addition, for child support and medical expenses which the wife claimed accrued after March 31, 1960 and up to the time of judgment.

The agreement of the parties, which was approved by the court in its 1951 modification of the divorce decree, required appellant to reimburse respondent for the medical and dental bills paid by her for the minor children only on the condition that the bills submitted by respondent to appellant were supported by affidavits of verification and were from doctors who were members of the American Medical Association or from dentists who were members of the American Dental Association. Respondent admits that she never presented to appellant any affidavit of verification. This

being expressly made a condition precedent to appellant's obligation for payment of such bills, the obligation never arose, and appellant was within his legal rights in refusing payment.

Inasmuch as the appellant was not in default under the agreement or the decree as last amended, respondent had no right to refuse appellant visitation privileges. She admitted such refusal. Payments to be made thereafter for the support of the children were conditional upon appellant's rights of visitation, and her violation of the visitation provisions precludes her from maintaining against appellant a proceeding to recover the unpaid installments of support. Baumann v. Goldstein, Mun. Ct., 201 N.Y.S.2d 575. This rule is based upon a doctrine of the law of contracts concerning the mutual dependency of all promises in a bilateral agreement. Cole v. Addison, 153 Ore. 688, 58 P.2d 1013, 105 A.L.R. 897.

We are not concerned in this case with the situation where the welfare of the children requires their father's support notwithstanding the wrongful denial of his visitation rights. This is a proceeding to reduce to judgment arrearages in child support payments. The interests and welfare of the minor children are not in any way involved. All their wants, including medical and dental requirements, had been supplied by respondent, who now simply seeks reimbursement from appellant. See Paine v. Paine, 71 Nev. 262, 287 P.2d 716. The provisions in the agreement relieving appellant of his obligation to support the children under certain specified conditions have had judicial approval and it is not suggested that these provisions were in any respect unfair.

Respondent contends that appellant's payment of unverified medical bills up until the early part of 1959 constituted an implied waiver of the provision for verified bills. We believe this contention is unsound. Undoubtedly, some dental and medical bills would, without verification, appear to be necessary and proper expenses and the payment of such could not properly

be considered as a waiver of the verification require-
ment in subsequent bills. This is clearly exemplified by
appellant's letter of March 20, 1959 to respondent
wherein he stated:

"Frankly I am very confused by this avalanche of
medical bills and also amazed at the attitude you take
to the effect that I must pay any and all bills you choose
to incur without first being taken into consideration
regarding my ability to pay them or of my wishes with
regards to bills for medical expenses other than normal
and necessary ones. I refer to the treatment for John's
face and the bill you sent for $50.00 for a psychologist.

"Naturally I am fully agreeable to paying any normal
medical bills for the children however I must ask that
you obtain my agreement to medical services for other
than normal ones. I do not think that it was the inten-
tion of either of us at the time the agreement was made
that you should have a 'blank check' for any bills you
choose to incur under the heading of medical expense
for the children.

"In view of the ever increasing bills which you are
passing on to me I must ask that the attached bills
as well as all future bills contain a sworn statement as
provided for in our agreement. This statement should
indicate who the bill covers treatment for and for what
purpose."

In order to establish a waiver, the intention to waive
must clearly appear, Afriat v. Afriat, 61 Nev. 321, 117
P.2d 83, 119 P.2d 883, and the party relying upon the
waiver must have been misled to his prejudice. Union
Central Life Ins. Co. v. Schultz, 45 Ida. 185, 261 P. 235;
Universal Gas Co. v. Central Illinois Public Service Co.,
7 Cir., 102 F.2d 164.

The said letter of appellant to respondent shows
clearly his lack of intention to waive the requirement of
affidavits. She admitted receiving the letter about March
25, 1959, more than a year prior to the commencement
of these proceedings, and yet she failed within that time
to obtain any affidavits of verification. So long as he
was satisfied with the bills he had no reason to question

them. When he did question them she refused to furnish the required affidavits. There was nothing inequitable on appellant's part in insisting upon her compliance with the provisions of the agreement.

Because we have concluded that the judgment must be reversed, for the reasons heretofore stated, it is unnecessary to enlarge this opinion with a consideration of whether the provision relating to membership of doctors and dentists in certain organizations is void as against public policy as claimed by respondent, or whether it was proper for the lower court to include in the judgment sums which the court found to have become due after the commencement of these proceedings and which were not included in the moving papers.

Reversed.

BADT, C. J., and THOMPSON, J., concur.