SAMUEL, Judge.
This is a suit by a divorced wife against her former husband for past due child support. It was filed on October 15, 1963. The husband, the defendant in this case, obtained a judgment of divorce from the present plaintiff on June 24, 1949 in the matter entitled “Harry Luther Devore v Geneva Eldora Devore”, No. 120-234 of the docket of the Second Judicial District Court of the State of Nevada, County of Washoe. This suit is based on that divorce judgment, a duly authenticated copy of which judgment has been received in evidence. The judgment has not been modified, altered or amended in any way. It awarded sole custody and control of the couple’s two minor children to the wife and directed the husband:
“ * * * to pay to the defendant [wife] the sum of $60.00 per month, each and every month commencing forthwith, for the support of HARRY LEE DE VORE until he reaches his majority, and the further sum of $60.00 per month, each and every month commencing forthwith, for the support of ELDORA JEAN DE VORE until she reaches her majority, and making said payments, the plaintiff is granted the right of reasonable visitation. This Court retains jurisdiction with reference to said minor children to make such other and further order or orders as may from time to time appear just and proper.” (Emphasis ours).
The son Harry, was born on February 25, 1936, reached the age of majority February 25, 1957, and was on active military service in the United States Navy continuously for twenty-four months immediately prior to reaching the age of majority. The daughter, Eldora Jean, was born on December 14, 1939 and reached the age of majority December 14, 1960. She was married on April 20, 1958, just six days less than thirty-two months before reaching majority. On September 7, 1960 plaintiff wrote the defendant requesting payment of the child support balance still unpaid, $2,355, an amount she had determined by taking El-dora Jean’s marriage into consideration. The letter stated that no claim was made for the daughter’s support during the period' of that child’s marriage. Without taking *925 into consideration either the military service of the son or the marriage of the daughter, and computing the full amount of $60.00 per month for each child to the date on which that child actually attained the age of twenty-one years, the total amount of unpaid child support is now $3,360. This suit is for that amount with legal interest and costs.
In this court, as he did in the trial court, defendant admits he owes the sum of $320 but contends he cannot be compelled to pay for the support of his daughter after her marriage or for the support of his son for the two year period during which the boy was in military service. Alternatively, defendant contends he has been released from the obligation to pay the sum of $1,920 (32 months from the date of the daughter’s marriage to her majority at $60 per month), which amount he argues has been voluntarily remitted by the plaintiff in her letter of September 7, 1960.
There was judgment in the trial court in favor of plaintiff and against the defendant in the full sum of $3,360 as prayed. Defendant has appealed therefrom.
A provision in a valid divorce decree for alimony or child support, payable in installments, is a final judgment within the full faith and credit clause of the Federal Constitution insofar as accrued installments are concerned unless, by the law of the state where rendered, the decree is subject to modification as to accrued installments at the discretion of the court; and where the decree is final and not subject to such subsequent modification, it must be recognized and enforced without modification of accrued installments in a suit arising in a state other than the one in which the decree was rendered. Barber v. Barber, 21 How. 582, 16 L.Ed. 226; Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068; 157 A.L.R. 170.
The question of whether the Nevada judgment with which we are here concerned is a final judgment under Nevada law as to all accrued installments has been the subject of lengthy arguments by opposing counsel. Involved therein are the pertinent Nevada statutory provisions, N.R.S. 125.140 and 125.170, and three Nevada Supreme Court cases, Melahn v. Melahn, 78 Nev. 162, 370 P.2d 213 (1962), Folks v. Folks, 77 Nev. 45, 359 P.2d 92 (1961), and Schneider v. Second Judicial District Court, 64 Nev. 26, 176 P.2d 797 (1947).
N.R.S. 125.140, enacted in 1947, provides:
“1. The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children.
“2. In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same.”
The pertinent portion of N.R.S. 125.170 (1), enacted in 1949 (approved March 17, 1949), provided:
“1. In divorce actions * * *, installment judgments for alimony and support shall not be subject to modification as to accrued installments, but only as to installments not accrued at the time a motion for modification is filed.”
As amended in 1961, the pertinent portion of N.R.S. 125.170(1) now provides:
“1. In divorce actions, installment judgments for alimony and support of the wife shall not be subject to modification as to accrued installments. Installments not accrued at the time a motion for modification is filed shall not be modified unless the court ex *926 pressly retained jurisdiction for such modification at the final hearing. The provisions of this subsection apply to all such installment judgments whether granted before or after July 1, 1961.”
Defendant relies upon Melahn v. Melahn, supra, which, he argues, holds that a Nevada divorce decree is not a final judgment as to accrued installments for child support. We do not agree. The decree involved in Melahn was based on an agreement between the litigants and provided that “ * * * if he [the husband] made all payments required of him, and the respondent [the wife] refused him his visitation rights (including the right to have the children with him at specified periods), then his obligation to pay anything to the respondent for support of the children would terminate during the period of such refusal.” The court found the wife had unjustifiedly refused the husband’s visitation privileges and, the support of the children being conditional upon the husband’s right of visitation, held that she was precluded from recovering the unpaid support installments. In the instant case payment of support is not conditional upon visitation; just the opposite is true. The requirement to pay is unconditional and it is only after making payment that the present defendant is granted the right to visitation. Melahn is distinguishable and here inapplicable.
Insofar as they have any application to our present problem, the other Nevada cases mentioned above, Folks v. Folks and Schneider v. Second Judicial District Court, are concerned with statutory amendments and the reasons therefor. Under Nevada jurisprudence prior to Folks even unaccrued alimony installments could not be modified when the divorce decree did not expressly reserve jurisdiction for modification. Schneider had held that child support provisions could not be modified in the absence -of the jurisdiction reservation and, apparently, enactment of the present N.R.S. 125.-140, allowing modification of unaccrued child support installments without an express jurisdictional reservation, was for the purpose of legislatively overruling Schneider. Also apparently, the 1961 amendment of N.R.S. 125.170(1) was for the purpose of legislatively overruling Folks, which decided the statute, as it was worded prior to Folks and the 1961 amendment, authorized modification of unaccrued alimony installments where the divorce decree did not expressly reserve jurisdiction for modification.
Despite the problem of legislative intent, the finality of a Nevada decree as to accrued installments for child support under the present Nevada statutes is questionable. N.R.S. 125.140(2) gives the court authority to modify or vacate a support decree for minor children “at any time”. And as a result of the 1961 amendment of N.R.S. 125.170(1), which changed the prior wording from “installment judgments for alimony and support shall not be subject to modification as to accrued installments” to “installment judgments for alimony and support of the wife shall not be subject to modification as to accrued installments” (emphasis ours), N.R.S. 125.170(1) no longer prohibits modification of accrued child support installments.
However, the question need not be answered in this case. The Nevada, statutes make a distinction between the words “alimony” and “support” as used therein; the former refers only to support of the wife, and the latter refers to child support. With this distinction in mind we are satisfied that a Nevada divorce decree was not subject to modification as to accrued installments for child support under the provisions of N.R.S. 125.170(1) prior to the 1961 amendment; that statute plainly and unequivocally so stated. The 1961 amendment is not retroactive as to accrued child support installments; it could not have that effect. Past due installments of alimony or child support under a valid, final divorce decree are a vested right (Sistare v. Sistare, supra) and the legislature cannot, by retroactive statute, divest such rights (State ex rel. Hundley v. City of Alex *927 andria, 164 La. 624, 114 So. 491; City of Shreveport v. Dickason, 160 La. 563, 107 So. 427) or authorize the modification thereof. 16 C.J.S. Constitutional Law § 271.
The Nevada judgment in the instant case was obtained in 1949. Both children reached the age of majority before 1961 and before the statutory amendment of that year. Therefore, under the above quoted N.R.S. 125.170(1) as enacted in 1949, which enactment was prior to rendition of the divorce judgment between the present litigants, at the time the judgment was obtained and throughout the life of that portion of the decree which required payment of child support, the judgment was final as to accrued installments for child support. We are without authority to modify that decree.
Defendant’s alternative contention, that the obligation to pay support for his daughter after her marriage was extinguished by plaintiff’s voluntary remission of that debt, is not well founded. The sole basis for the contention is the letter written by plaintiff to defendant on September 7, 1960, which letter reads:
“I am writing to you in regard to back payments due me for child support of Harry Lee, and Eldora Jean. By my figures the balance still unpaid is $2,355. I have taken in account in determining this amount, the fact El-dora Jean has been married since April 20,1958 and no claim is made for child support during the period of her marriage.
“I trust you will make some arrangements to see that this amount will be paid.” (Emphasis ours).
 As provided by LSA-Civil Code Article 2130 voluntary remission is one means by which obligations are extinguished. And under LSA-Civil Code Article 2199 the remission of debt is either conventional, when it is expressly granted to the debtor by the creditor, or tacit, when the creditor voluntarily surrenders to his debtor the title which establishes the obligation. In the instant case no surrender of title or its equivalent is involved and there is no tacit remission. Nor does the above quoted letter expressly remit alimony for the daughter after her marriage. At its best from the defendant’s standpoint, the letter might be considered as an offer to settle the accrued amount due for child support and there was no acceptance of that offer; payment was not made in compliance with the letter’s request. No one is presumed to have renounced a right unless it clearly appears that he intended to do so. Payton v. Jones, La.App., 38 So. 2d 631.
The judgment appealed from is affirmed.
Affirmed.