GEORGE BYERS, Sheriff of Douglas County, Nevada; and HARTFORD ACCIDENT & INDEMNITY COMPANY, a Connecticut Corporation, Appellants, *v.* HENRY C. GRATON, Respondent.

No. 4965

February 28, 1966          411 P.2d 480

*Eugene J. Wait, Jr.,* and *Allan Shamberger,* of Reno, for Appellants.

*Carl F. Martillaro,* of Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from an order refusing to change the place for trial of a personal injury action from Ormsby County to Douglas County. We think that the motion

to change venue should have been granted and, therefore, reverse.

Graton commenced suit in the Ormsby County District Court to recover damages for an assault and battery by Byers, the sheriff of Douglas County. It is claimed that the incident happened in Douglas County while Byers was "in the performance of his official duties." Named as defendants were Byers and the Hartford Accident & Indemnity Company who wrote a surety bond for Byers.[1] Within 20 days after being served with process, Byers filed an answer and also a demand and motion to change venue. (Cf. Nevada Transit Co. v. Harris, 80 Nev. 465, 396 P.2d 133 (1964), where the defendant failed to file a written demand to change venue before filing his motion.) The motion was made on two grounds. First, that as a resident of Douglas County he had a right to have the case tried there, NRS 13.040[2]; second, as the tort occurred while Byers was acting as a public officer, in Douglas County, NRS 13.020[3] requires the matter to be tried in that county. The plaintiff Graton agrees that Douglas County is a proper county for trial. However, he does contend that by filing an answer before demanding and moving for a change of venue, Byers waived his right to request a change. This contention

[1] NRS 248.020 (2) provides: "Before entering upon the discharge of his duties, each sheriff shall: (2) Give a bond to his county in the penal sum of not less than $10,000 nor more than $50,000, with two or more sureties, residing in his county, or by any qualified surety company, to be approved by the board of county commissioners, conditioned for the faithful performance of the duties of his office. The bond shall be filed and recorded in the office of the county clerk of his county."

[2] NRS 13.040 provides in pertinent part: "In all other cases, the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action * * *."

[3] NRS 13.020 provides in pertinent part: "Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial: * * * (2) Against a public officer, or person especially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who, by his command, or in his aid, does anything touching the duties of such officer."

persuaded the lower court to deny Byers' motion. We disagree.

Since 1867 it has been the law of Nevada that the filing of an answer to the merits does not interfere with a defendant's right to demand a change of venue. Sheckles v. Sheckles, 3 Nev. 404. See also Ruchverg v. Russell, 71 N.D. 658, 3 N.W.2d 459 (1942). Our statute requires that the demand be made "before the time for answering expires." NRS 13.050. That language refers to time and may not be read to imply that, by filing an answer, one somehow waives his right to demand that the case be tried in the proper county. Indeed, NRCP 12(a) requires a defendant to serve his answer within 20 days after the service of summons and complaint upon him. Absent a written stipulation extending time, or court order, the time for answering is not altered unless a Rule 12(b) motion is interposed. A demand and motion to change venue is not embraced by Rule 12(b). Thus, it is apparent that a defendant who is not a resident of the county where the action is brought, who does not file a Rule 12(b) motion, and who wishes to demand a change of venue, must file his answer and demand a change of venue within the 20-day limitation period. Compliance with the rules for answering should never constitute a waiver of one's statutory right to demand a change of venue. Furthermore, as Rule 12(b) explicitly states that no objection is waived by being joined with another defense (except as otherwise specified), it follows that the objection of improper venue is not waived by an answer to the merits.

We also believe it appropriate to mention another issue disclosed by the record, though not considered below. The co-defendant Hartford is a foreign corporation qualified to do business in Nevada. It neither joined in, nor opposed, Byers' demand to change venue. The pertinent words of NRS 13.040 state that "the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action." That language means that a defendant is not entitled to have the action removed to the county of his

residence unless it appears that none of the other defendants are residents of the county where the action is brought. Donohoe v. Wooster, 163 Cal. 114, 124 P. 730 (1912) ; Independent Iron Works v. American President Lines, 35 Cal.2d 858, 221 P.2d 939 (1950) ; Monogram Co. of California v. Kingsley, 38 Cal.2d 28, 237 P.2d 265 (1951). However, where the co-defendant is a foreign corporation, the mere fact that it is doing business in this state does not fix its residence in any particular county for the purposes of venue, so as to defeat the right of the other defendant to move the place of trial to the county of his residence. Warren v. Ritter, 61 Cal.App.2d 403, 142 P.2d 948 (1943) ; Rowland v. Bruton, 125 Cal.App. 697, 14 P.2d 116 (1932) ; San Jose Hospital v. Etherton, 84 Cal.App. 516, 258 P. 611 (1927).[4]

Reversed.

ZENOFF, D. J., concurs.

---

[4]Counsel stipulated to submit this appeal to two justices for decision.