LU ANN SULLIVAN and JAMES P. MATTES, Appellants, v. TERRA MARKETING OF NEVADA, a Nevada Corporation, Respondent.

No. 11281

February 28, 1980                     607 P.2d 111

*Embry & Shaner, Ltd.,* Las Vegas, for Appellants.

*Reid and Alverson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Lu Ann Sullivan and James P. Mattes appeal from the district court's dismissal of their complaint under NRCP 12, on the grounds that the relevant limitations statute had run, as against one defendant, Terra Marketing of Nevada, a Nevada corporation. We reverse.

On July 27, 1976, appellants Sullivan and Mattes filed a personal injury complaint, arising out of a May, 1975 accident, against E. Kevin Stahl, Carol Christensen, Does I – X, and Roe Corporations I – X. The complaint alleged that Roe Corporations I – X were the fictitious names of the corporations "whose acts or omissions taken by [their] officers, employees or agents proximately resulted in the injuries complained of herein . . . ."

Throughout discovery, appellants sought, by employing interrogatories, to discover any and all employment relationships which might have any bearing on their claims. The answers submitted by the defendants were always the same: Christensen was self-employed as the owner of the Las Vegas Welcome Center and Stahl was her employee.

On June 1, 1977, appellants discovered while deposing Christensen that, despite her earlier answers to the propounded interrogatories, she now recalled that at the time of the alleged accident the Welcome Center was owned by Terra Marketing and she was its managerial employee. Appellants promptly filed an amended complaint naming Terra Marketing as a party defendant.

More than one year later, Terra Marketing moved to dismiss the complaint against it on the grounds that the relevant two year limitations statute, *see* NRS 11.190(4)(e), had run. Appellants opposed the motion, arguing that the limitations statute had no applicability to their situation, since Terra Marketing had merely been substituted for a previously, albeit fictitiously, named defendant, Roe Corporation I. The district court dismissed the complaint against Terra Marketing, and certified the dismissal as a final judgment under NRCP 54(b); this appeal followed.

NRCP 10(a) provides, in pertinent part, that "[a] party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly." Rule 10(a) permits a plaintiff to bring suit, before the limitations statute has run, against a defendant whose identity or description is known, but whose true name cannot be discovered through the exercise of reasonable diligence. State ex rel. Dep't Hwys. v. District Ct., 95 Nev. 715, 717, 601 P.2d 710, 711 (1979); Hill v. Summa Corporation, 90 Nev. 79, 82–3 n.1, 518 P.2d 1094, 1096 (1974) (THOMPSON, J., concurring). When the case is one truly within Rule 10(a) and the true name of a defendant is substituted for the fictitious name, then the defendant is to be considered a party to the action from its commencement. *Id.* Such is the case here.

[Headnote 3]

In the instant case, appellants adequately described, in their complaint, the fictitiously named defendant, Roe Corporation, as the corporate indentity whose agents or employees proximately caused appellants' injuries. *See* Gilmore v. Lick Fish & Poultry, Inc., 71 Cal.Rptr. 212 (Ct.App. 1968). Moreover, appellants' persistent efforts to discover this Roe Corporation's true name before the running of the limitations period were thwarted only by the defendants' inaccurate and misleading statements. *See* Schroeter v. Lowers, 67 Cal.Rptr. 270 (Ct.App. 1968). Under circumstances such as these, Terra Marketing must be considered to have been a party to this action from its commencement; the district court erred in concluding otherwise.

The judgment of the district court, entered upon the order dismissing appellants' complaint against Terra Marketing, is therefore reversed.