WESTERN PACIFIC RAILROAD COMPANY; FRANK ARREGUI AND ELENA ARREGUI, HIS WIFE; LOUIS DRESSI, JR., DBA DRESSI RANCHING COMPANY, APPELLANTS, *v.* JOYCE KROM AND SEAN KROM, A MINOR, BY JOYCE KROM, HIS GUARDIAN AD LITEM, AND JOYCE KROM AS ADMINISTRATRIX OF THE ESTATE OF WILLIAM H. KROM, DECEASED, RESPONDENTS.

No. 16127

CHARLES KEVIN DRESSI, APPELLANT, *v.* JOYCE KROM AND SEAN KROM, A MINOR, BY JOYCE KROM, HIS GUARDIAN AD LITEM, AND JOYCE KROM AS ADMINISTRATRIX OF THE ESTATE OF WILLIAM H. KROM, DECEASED, RESPONDENT.

No. 16418

February 20, 1986                                714 P.2d 182

*Woodburn, Wedge, Blakey & Jeppson,* and *Suellen Fulstone,* Reno; *Allison, Brunetti, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City; *Bilyeu and Matthews,* Elko; for Appellants.

*Milos Terzich,* Gardnerville, and *John Farrell,* Oakland, California, for Respondents.

## OPINION

*Per Curiam:*

On September 26, 1979, William H. Krom, husband of respondent Joyce Krom and father of respondent Sean Krom, sustained injuries which resulted in his death when the truck he was driving collided with a train at a railroad crossing located one mile east of Elko, Nevada. Respondents filed a complaint in the Second Judicial District Court in and for the County of Washoe alleging causes of action of wrongful death against appellant Western Pacific Railroad Company (Western Pacific) in July 1980. Respondents alleged Western Pacific has Reno as its principal place of business; in its answer filed in October 1981, Western Pacific admitted it transacted business in Nevada, but denied Nevada was its principal place of business.

Western Pacific removed the case to United States District Court for the District of Nevada. In September 1981, respondents amended the complaint to substitute individually-named Elko County residents who owned realty surrounding the railroad crossing for fictitiously-named defendants. The federal court then remanded the matter to the Second Judicial District Court on the ground that diversity jurisdiction no longer existed. Appellant Louis Dressi answered the complaint in December 1981. In July 1984, appellants moved the court to change the place of trial to Elko County pursuant to NRS 13.050(2) ("[w]hen the convenience of the witnesses and the ends of justice would be promoted by the change") on the ground the individually-named appellants and the expected witnesses resided in Elko County. The district court denied the motion for change of venue on the ground it was untimely and appeal No. 16127 ensued.

On January 29, 1985, the court approved the stipulation of appellant Charles Dressi, a resident of Elko County, that provided that he both submit to the in personam jurisdiction of the court and adopt the answer previously filed in the action by defendant Louis Dressi. On February 13, 1985, Charles Dressi moved the court for a change of venue to Elko County pursuant to NRS 13.040 but the district court denied the motion as untimely. Appeal No. 16148 followed and was consolidated for disposition with No. 16127. We will first examine the contentions regarding Charles Dressi.

Respondents initially assert Charles Dressi waived the right to change venue because he was a party from the commencement of the action when his name was substituted for a fictitious name. With this assertion we disagree.

It is true that when the true name of a defendant is substituted for a fictitious name by amended complaint, the defendant is considered a party to the action from its commencement for the purpose of the statute of limitations. Sullivan v. Terra Marketing of Nev., 96 Nev. 232, 607 P.2d 111 (1980). However, here the true name was substituted by stipulation and adoption of the answer of another defendant and the stipulation and court order approving same were silent as to the right to attack venue. Under these circumstances, we cannot conclude Charles Dressi intentionally relinquished the right to challenge venue. *See* Melahn v. Melahn, 78 Nev. 162, 370 P.2d 213 (1962) (to establish a waiver, the intent to waive must clearly appear.) Additionally, we note respondents have not presented any circumstances which demonstrate they have been prejudiced by any delay. Under NRCP 12(a), a defendant has twenty days from the date of the service of the summons and complaint in which to answer. Charles Dressi moved the court to change venue within twenty days from the date of the court's order approving the stipulation that made Dressi a party to the action. Hence, his motion for change of venue was timely.

NRS 13.040 provides: ". . . [T]he action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action. . . ." NRS 13.040 does not entitle a defendant to have the action moved to the county of his residence unless no other defendant resides in the county where the action is brought. Byers v. Graton, 82 Nev. 92, 411 P.2d 480 (1966). However, under NRS 13.050(1) and (2)(a), when the county designated in the complaint is not the proper county, then, upon motion by a defendant, the change of place of trial is

mandatory and not within the discretion of the court to which the motion is addressed. Williams v. Keller, 6 Nev. 141 (1870). Therefore, the court was required to grant Charles Dressi's motion to change the place of trial to Elko County if no other defendant resides in Washoe County.

". . . [W]here the co-defendant is a foreign corporation, the mere fact that it is doing business in this state does not fix its residence in any particular county for the purpose of venue, so as to defeat the right of the other defendant to move the place of trial to the county of his residence." Byers v. Graton, *supra,* 82 Nev. at 95, 411 P.2d at 481. Thus, although Western Pacific may have had a resident agent in Washoe County, the mere fact that it was doing business there did not defeat the right of its co-defendant Charles Dressi to move the venue to the county of residence of all other defendants. Because the fact that Western Pacific conducted business in Washoe County did not make it the proper county for venue purposes, the district court erred in failing to change the place of trial to Elko County.

Accordingly, the order of the district court denying Charles Dressi's motion for change of place of trial is reversed and the case is remanded to the district court with directions to vacate the order denying change of venue and to order a change of venue to Elko County. Turning to appeal No. 16127, we conclude that because we order that Charles Dressi's motion for change of venue be granted, Western Pacific's appeal is moot. We hereby ORDER it dismissed.