WASHOE COUNTY, Appellant, *v.* ALLAN WILDEVELD, dba VALLEY MARKETING, Respondent.

No. 17468

August 27, 1987                    741 P.2d 810

*Mills Lane,* District Attorney, *Thomas F. Riley,* Deputy District Attorney, Washoe County, for Appellant.

*Albert D. Massi,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On February 25, 1986, respondent Allan Wildeveld filed a complaint in Clark County. The named defendants include Kent Reidesel, the State of Nevada and Washoe County. In his complaint Wildeveld avers that property belonging to him was seized from Reidesel by Washoe County and the State of Nevada as a result of criminal charges filed against Reidesel and the other defendants. Wildeveld's claim to the property seized is based on an alleged contract between himself and Reidesel.

On May 7, 1986, Washoe County and the State filed a demand to remove the trial to Washoe County pursuant to NRS 13.050(2)(a) ("[w]hen the county designated in the complaint is not the proper county."). Wildeveld's opposition to the demand contends that Clark County is a proper venue pursuant to NRS 13.010 (a contract action must be commenced in the county in which the obligation is to be performed or the county in which the defendant resides.) Wildeveld, however, failed to aver the county of performance in his complaint and failed to present the district court with any affidavits or testimony supporting his allegation that a contract was to be performed in Clark County.

Washoe County's and the State's demand for a change of venue was denied at a June 4, 1986, hearing. After this hearing but before Washoe County's appeal was filed, the State was dismissed from the action.

Appellant Washoe County asserts that removal to Washoe County is mandatory because NRS 13.040 prescribes that an action shall be tried in the county in which any one defendant resides and because NRS 13.030 provides that any action against a county must be commenced in that county. With appellant's first assertion we agree.

The Civil Practice Act provides that a proper venue is either the county in which one or more defendants reside, NRS 13.040,[1]

---

[1]NRS 13.040 provides, in pertinent part:

    13.040   Venue in other cases.  In all other cases, the action shall be

or in a contract action, the county in which the obligation is to be performed, NRS 13.010(1).[2] If a demand for a change of venue is filed in a timely manner, and no defendants reside in the county in which the action is filed, and that county is not otherwise a proper venue, then removal is mandatory. Western Pacific R.R. Co. v. Krom, 102 Nev. 40, 714 P.2d 182 (1986), Williams v. Keller, 6 Nev. 141 (1870).

Washoe County's and the State's demand for removal asserted that no defendants resided in Clark County. Their assertion is supported by Wildeveld's complaint along with a signed affidavit. Once a timely demand is filed, the plaintiff, Wildeveld, has the burden of proving that the county is which the action is filed is indeed a proper venue. *See* Ash Springs Dev. Corp. v. Crunk, 95 Nev. 73, 589 P.2d 1023 (1979). No evidence or arguments were offered contrary to Washoe County's and the State's position that no defendants resided in Clark County. Wildeveld did argue that Clark County is to be the situs of the contract's performance and is thus a proper venue pursuant to NRS 13.010(1). Without offering any evidence supporting these contentions Wildeveld, however, failed to meet his burden of proving that Clark County is a proper county for the commencement of the action. Because Wildeveld failed to meet his burden of proving that action was commenced within the proper venue, the district court erred in failing to change the place of trial to Washoe County.

In light of our disposition of appellant's first contention, we decline to address appellant's argument that a county defendant has a preemptory right to have all actions filed against it commenced in its own county courts. Accordingly, the order of the district court denying Washoe County's and the State's demand for change of venue is reversed, and the case is remanded to the district court with directions to vacate the order and to order a change of venue to Washoe County.

---

tried in the county in which the defendants, or any one of them, may reside at the commencement of the action. . . .

[2]NRS 13.010(1) provides, in pertinent part:

13.010  Where actions are to be commenced.

1. When a person has contracted to perform an obligation at a particular place, and resides in another county, the action must be commenced, and, subject to the power of the court to change the place of trial as provided in this chapter, must be tried in the county in which such obligation is to be performed or in which he resides. . . .