130 Nev., Advance Opinion 4

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LIBERTY MUTUAL; AND CARSON
CITY SENIOR CITIZENS CENTER,
Appellants/Cross-Respondents,
vs.
ROBERT THOMASSON,
Respondent/Cross-Appellant.

No. 59176

**FILED**

FEB 06 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal and cross-appeal from a district court order transferring venue of a petition for judicial review in a workers' compensation matter. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

*Vacated and remanded.*

Piscevich & Fenner and Kimberley Fenner and Mark J. Lenz, Reno,
for Appellants/Cross-Respondents.

Nevada Attorney for Injured Workers and W. Darrell Nedd, Senior Deputy, Carson City,
for Respondent/Cross-Appellant.

---

BEFORE HARDESTY, PARRAGUIRRE and CHERRY, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

Appellant/cross-respondent Liberty Mutual filed a petition for judicial review in the Second Judicial District Court in Washoe County, challenging an appeals officer's decision that reversed Liberty Mutual's denial of respondent/cross-appellant Robert Thomasson's workers'

14-03873

compensation claim. Thomasson filed a motion to dismiss, alleging that Liberty Mutual could not file its petition in the Second Judicial District because it was not a resident of Washoe County. Liberty Mutual opposed, seeking either consideration on the merits or a transfer of venue. The Second Judicial District Court transferred venue. NRS 233B.130(2)(b) provides that a petition for judicial review of an agency determination must be filed in Carson City, the aggrieved party's county of residence, or the county where the agency proceeding occurred. We conclude that NRS 233B.130(2)(b) is a mandatory jurisdictional requirement and that because Liberty Mutual is not a resident of Washoe County, the Second Judicial District Court lacked jurisdiction to consider its petition for judicial review and should have dismissed it rather than transfer venue. We accordingly vacate the district court's order transferring venue and remand this matter to the district court with directions to dismiss Liberty Mutual's petition for judicial review.

## FACTUAL AND PROCEDURAL HISTORY

Carson City Senior Citizens Center employed Thomasson to deliver meals to elderly persons in Carson City. In May 2010, Thomasson slipped down a flight of stairs while delivering a meal and injured his knee. Thomasson filed a workers' compensation claim for the injury, but Liberty Mutual, his employer's workers' compensation insurer, found that the injury did not occur within the scope of Thomasson's employment and denied the claim. Thomasson administratively appealed, and although the Department of Administration hearing officer affirmed Liberty Mutual's decision, the appeals officer reversed the claim denial.[1] Liberty

_____

[1]The administrative appeal was heard in Carson City.

Mutual then filed a petition for judicial review in the Second Judicial District Court in Washoe County.

Thomasson filed a motion to dismiss Liberty Mutual's petition on the ground that it did not comply with NRS 233B.130(2)(b). Thomasson argued that NRS 233B.130(2)(b) is a jurisdictional statute that specifically sets forth the courts in which a petition for judicial review may be filed, and because Liberty Mutual is not a resident of Washoe County, the petition did not comply with the statutory residency requirement. In opposition, Liberty Mutual argued that since it has an office in Reno, venue was proper and, in the alternative, the motion to dismiss should be treated as a motion to transfer venue. The district court agreed with Thomasson that filing the petition in the Second Judicial District Court was improper, but the court granted Liberty Mutual's request to treat the motion to dismiss as a motion to transfer venue. Accordingly, the district court ordered that the case be transferred to the First Judicial District Court in Carson City. The parties now bring this appeal and cross-appeal.

## DISCUSSION

In addressing the district court's order transferring venue, we must first consider the threshold issue of jurisdiction raised by Thomasson's cross-appeal. We conclude that NRS 233B.130(2)(b) is mandatory and jurisdictional and that because Liberty Mutual is not a resident of Washoe County, the petition failed to satisfy the jurisdictional burden imposed by NRS 233B.130(2)(b). As a result, the Second Judicial District Court lacked jurisdiction over the matter. Furthermore, because NRS 233B.130(2)(c) provides that the petition must be brought within 30 days and that time period has passed, Liberty Mutual cannot amend or refile its petition to correct the deficiency. We therefore vacate the district

court's order transferring venue and remand the matter to the district court with directions to dismiss the petition for lack of jurisdiction.[2]

*NRS 233B.130(2)(b) is mandatory and jurisdictional*

Thomasson argues that NRS 233B.130(2)(b) sets forth a mandatory jurisdictional requirement, and because Washoe County was the incorrect location for Liberty Mutual to file its petition for judicial review, the Second Judicial District Court did not have jurisdiction to consider the petition. Furthermore, Thomasson asserts that the time frame for filing the petition in NRS 233B.130(2)(c) has lapsed, and thus Liberty Mutual cannot now correct its error. Whether NRS 233B.130(2)(b) establishes a jurisdictional requirement or a venue requirement is a matter of first impression in Nevada.

We review questions of law, such as statutory interpretation, de novo. *Washoe Cnty. v. Otto*, 128 Nev. ___, ___, 282 P.3d 719, 724 (2012). Nevada's Administrative Procedure Act (APA), codified at NRS Chapter 233B, sets forth the procedure for judicial review of agency decisions. At issue in this appeal is one of three filing requirements delineated in NRS 233B.130(2), which provides:

Petitions for judicial review *must*:

(a) Name as respondents the agency and all parties of record to the administrative proceeding;

---

[2]Liberty Mutual previously filed a motion to dismiss Thomasson's cross-appeal, arguing that this court lacks jurisdiction to hear it. In an unpublished order, we denied the motion. Liberty Mutual renews this jurisdictional argument in its briefs; as we conclude that Liberty Mutual's arguments in this regard are unpersuasive, we consider Thomasson's cross-appeal on its merits.

(b) Be instituted by filing a petition in the district court in and for Carson City, *in and for the county in which the aggrieved party resides* or in and for the county where the agency proceeding occurred; and

(c) Be filed within 30 days after service of the final decision of the agency.

(Emphases added.) We have previously construed NRS 233B.130(2)(a) and (c) to be mandatory jurisdictional requirements, but we have not before addressed NRS 233B.130(2)(b). *See Otto*, 128 Nev. at ___, 282 P.3d at 725 (construing paragraph (a)); *Civil Serv. Comm'n v. Second Judicial Dist. Court*, 118 Nev. 186, 189, 42 P.3d 268, 271 (2002) (addressing paragraph (c)).[3]

*Otto* provides a straightforward answer to the question raised in this appeal. There, this court held that paragraph (a) is mandatory and jurisdictional, and we stated that nothing in NRS 233B.130(2)'s plain language "suggests that its requirements are anything but mandatory and jurisdictional." 128 Nev. at ___, 282 P.3d at 725. We explained that the word "must," which precedes paragraphs (a) through (c), imposes a mandatory requirement, that this court previously held that the requirements of paragraph (c) are mandatory and jurisdictional, *see Civil Serv. Comm'n*, 118 Nev. at 189, 42 P.3d at 271, and that there is no reason

---

[3]In *Civil Service Commission*, this court held that despite NRS 233B.130(2)(a) being mandatory and jurisdictional, failure to comply with that provision does not preclude judicial review. 118 Nev. at 189-90, 42 P.3d at 271. In *Otto*, we overruled that portion of the holding and held that failure to comply with either NRS 233B.130(2)(a) or (c) deprives the district court of jurisdiction to consider the petition for judicial review. 128 Nev. at ___ n.9, 282 P.3d at 725 n.9.

to construe paragraph (a) differently than paragraph (c). *Otto*, 128 Nev. at ___, 282 P.3d at 725.

Despite this precedent, Liberty Mutual argues that this court has read similar language in another statute as imposing a venue requirement, not a mandatory jurisdictional requirement. In *In re Nevada State Engineer Ruling No. 5823*, we interpreted a forum clause in NRS Chapter 533 as imposing a venue requirement, not a mandatory jurisdictional requirement. 128 Nev. ___, ___, 277 P.3d 449, 457 (2012). NRS 533.450(1) provides that a party seeking judicial review of a *water rights* decision by the State Engineer "must be initiated in the proper court of the county in which the matters affected or a portion thereof are situated." Noting that the forum language of NRS 533.450(1) "speaks the language of venue," we held that the forum clause addressed venue, not jurisdiction. *In re Nev. State Eng'r Ruling No. 5823*, 128 Nev. at ___, 277 P.3d at 457.

Although the forum language of NRS 533.450(1) is superficially similar to the APA, NRS Chapter 533 is a separate statutory scheme, and we have consistently held that the APA has strict jurisdictional requirements for judicial review of agency decisions. *Crane v. Cont'l Tel. Co. of Cal.*, 105 Nev. 399, 401, 775 P.2d 705, 706 (1989) (holding that "[c]ourts have no inherent appellate jurisdiction over official acts of administrative agencies except where the [L]egislature has made some statutory provision for judicial review," and such procedures are therefore controlling). Thus, when seeking judicial review of an administrative decision pursuant to the APA, the petitioner must challenge that decision according to the APA's specific procedures in order to invoke the district court's jurisdiction. *Otto*, 128 Nev. at ___, 282 P.3d

Supreme Court
OF
Nevada

(O) 1947A

at 725. Therefore, a party must strictly comply with the APA's jurisdictional requirements, and "'[n]oncompliance with the requirements is grounds for dismissal.'" *Id.* (quoting *Kame v. Emp't Sec. Dep't*, 105 Nev. 22, 25, 769 P.2d 66, 68 (1989)).

Accordingly, *In re Nevada State Engineer Ruling No. 5823* does not provide useful guidance in interpreting whether NRS 233B.130(2)(b) is jurisdictional. Instead, we agree with Thomasson that *Otto* directly applies to the issue on appeal and conclude that NRS 233B.130(2)(b) is mandatory and jurisdictional. Thus, failure to strictly comply with NRS 233B.130(2)(b) requires dismissal.[4]

*Liberty Mutual is not a resident of Washoe County under NRS 233B.130(2)(b)*

In order for its petition for judicial review, filed in the Second Judicial District Court, to comply with NRS 233B.130(2)(b), Liberty Mutual must be a resident of Washoe County. The district court determined that Liberty Mutual was not a resident of Washoe County, and we now address Liberty Mutual's argument that the district court erred in

---

[4]Although the language of NRS 233B.130(2)(b) is clear, it is within the Legislature's power to amend the provision if it no longer intends the provision to provide a mandatory jurisdictional requirement. *See Berkson v. LePome*, 126 Nev. ___, ___, 245 P.3d 560, 568 (2010) (leaving alterations of unambiguous statutes of limitations to the Legislature); *see also State ex rel. Dir. of Revenue v. Gaertner*, 32 S.W.3d 564, 567 (Mo. 2000) (explaining that after the court held that where a statute requires an appeal from an administrative decision to be filed in a certain court, that court alone has jurisdiction to entertain the appeal, the Missouri Legislature amended its venue statute to grant a limited jurisdiction to the court to transfer any case filed in an improper venue to a court otherwise designated by the Legislature to hear the appeal).

making this determination because it has an office in Reno. The term "resides," as used in NRS 233B.130(2)(b), is not defined, and its definition in this context is an issue of first impression.

We review questions of statutory interpretation de novo and do not look beyond a statute itself to determine its meaning where the statute is unambiguous. *Otto*, 128 Nev. at ___, 282 P.3d at 724-25. "[W]here a statute has no plain meaning, a court should consult other sources such as legislative history, legislative intent and analogous statutory provisions." *State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 294, 995 P.2d 482, 485 (2000).

Liberty Mutual argues that although its headquarters are in Boston, it has an office in Reno and therefore qualifies as a resident of Washoe County. Thomasson argues that a foreign corporation can never have a fixed residence in any particular county in Nevada for purposes of NRS 233B.130(2)(b).

The meaning of the word "reside," or "residence" in the context of corporations, provides little guidance. On one hand, "residence" is defined as "the place of the principal office of a corporation or business concern designated in its articles of incorporation or originally registered in accordance with law," *Webster's Third New International Dictionary* 1931 (3d ed. 1976), which appears consistent with Thomasson's interpretation that a corporation's residence is the location of its principal place of business. On the other hand, "residence" is also defined as "[t]he place where a corporation or other enterprise does business or is registered to do business," *Black's Law Dictionary* 1423 (9th ed. 2009), which appears consistent with Liberty Mutual's proffered interpretation. We conclude that both definitions are reasonable, and thus the term

"resides" as used in NRS 233B.130(2)(b) is ambiguous. Accordingly, we consult other sources, including cases interpreting similar language in analogous statutory provisions, to determine the Legislature's intent. *See State Farm Mut. Auto. Ins. Co.*, 116 Nev. at 294, 995 P.2d at 485 (stating that this court may look to analogous statutory provisions in interpreting an ambiguous statute).

Though we have concluded that this is a jurisdictional issue and not one of venue, it is nonetheless the venue statutes that act as a guide to defining a corporate residence, as the term "resides" as used in NRS 233B.130(2)(b) has never been defined. This court has previously addressed where a corporation's residence is for purpose of serving process upon the company. *Flournoy v. McKinnon Ford Sales,* 90 Nev. 119, 122, 520 P.2d 600, 602 (1974) (agreeing with other courts that "the designation in the articles of incorporation of the principal place of business [is] conclusive" as to the corporation's place of residence, reasoning that uniformity was needed as a way to fix a corporation's location of residence so all interested parties would know where to serve process). We conclude that the logic of *Flournoy* is applicable here and hold that, for purposes of NRS 233B.130(2)(b), a corporation's place of residence is that which is listed as the principal place of business in its articles of incorporation. *Cf. In re Nevada State Eng'r Ruling No. 5823*, 128 Nev. at ___, 277 P.3d at 457 (noting that although judicial review under NRS 533.450(1) is in the nature of an appeal, NRS Chapter 13's application to the place of trial does not defeat its application on judicial review as well).

Further, under NRS Chapter 13, a foreign corporation does not have a fixed residence in any particular county. *See* NRS 13.040; *W. Pac. R.R. Co. v. Krom*, 102 Nev. 40, 43, 714 P.2d 182, 184 (1986)

SUPREME COURT
OF
NEVADA

(O) 1947A

9

(explaining that merely doing business in Nevada does not fix a foreign corporation's residence in any particular county for venue purposes (citing *Byers v. Graton*, 82 Nev. 92, 95, 411 P.2d 480, 481 (1966))). In adopting the application of the term "residence" as used in NRS Chapter 13 in interpreting "reside" as used in NRS 233B.130(2)(b), we conclude that a foreign corporation cannot have a fixed residence in any Nevada county, and thus Washoe County was not the proper county for Liberty Mutual to seek judicial review even if it had a satellite office there.

We note, however, that while a foreign corporation cannot have fixed residency in a particular Nevada county for purposes of NRS 233B.130(2)(b), this does not necessarily preclude judicial review because the statute allows an aggrieved party to seek judicial review of an agency decision in other locations, namely Carson City or the county where the agency proceeding occurred (which is Carson City in this case). Thus, our interpretation of "resides" for purposes of this statute would not have left Liberty Mutual without remedy.

It is undisputed that Liberty Mutual is a foreign corporation headquartered in Boston. Adopting the meaning of "residence" under NRS Chapter 13 and *Flournoy*, we conclude that Liberty Mutual has not complied with NRS 233B.130(2)(b)'s mandatory jurisdictional requirement of filing its petition for judicial review in either Carson City, the county in which it resides, or the county in which the administrative proceedings took place. Furthermore, the 30-day period for filing such a petition in the proper county has passed, and thus the petition cannot be amended to correct the error. NRS 233B.130(2)(c); *Otto*, 128 Nev. at ___, 282 P.3d at 727. Accordingly, we vacate the district court's order transferring venue

and remand this matter to the district court with directions to dismiss the petition for judicial review for lack of jurisdiction.

_____, J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A