# IN THE SUPREME COURT OF THE STATE OF NEVADA

ADAM JONES,
Appellant,
vs.
DARA JONES,
Respondent.

No. 69088

FILED

FEB 2 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a change of venue. Second Judicial District Court, Family Court Division, Washoe County; David Humke, Judge.

Dara and Adam Jones were married on July 7, 2007, and have one child from the marriage. Dara moved out of the marital residence with the child on approximately August 9, 2015. On August 26, 2015, Adam filed a complaint for divorce in Washoe County. That same day, he also filed a declaration under the Uniform Child Custody Jurisdiction and Enforcement Act, wherein he listed that the minor child at issue was living with Dara at a home address located in Douglas County. Adam also filed an emergency motion regarding the minor child's school enrollment.

On August 27, 2015, Dara filed a motion for a change of venue from Washoe County to Douglas County, alleging that she and the child were "bona fide residents of Douglas County, not Washoe County." Adam opposed Dara's motion, arguing that the determination of a defendant's county of residence is an issue for the trier of fact, that NRS 125.020(2) requires Dara to have been a resident of Douglas County for at least six weeks prior to commencement of the action to have standing to change the venue, and that Dara lacked standing because she was not a resident of Douglas County for six weeks. After Dara filed her reply to Adam's

16-06118

opposition to the motion for a change of venue, the district court filed an order granting a change of venue.

On appeal, Adam raises the following issues: (1) whether Dara has standing to demand a change of venue because she has not been a resident of Douglas County for six weeks, (2) whether Dara must prove to the trier of fact by clear and convincing evidence that she in fact resides in Douglas County, and (3) whether the district court abused its discretion by failing to provide a factual basis for its conclusion that Dara presented evidence that corroborates that she is in fact a resident of Douglas County.

*Dara has standing to request a change of venue*

"Standing is a question of law reviewed de novo." *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011).

Venue is dictated by NRS 13.040, which provides as follows:

> [In legal actions not involving contracts, property, or certain offenses], the action shall be tried in the county in which the defendants, or any one of them, *may reside at the commencement of the action*; . . . subject, however, to the power of the court to change the place of trial as provided in this chapter.

(Emphasis added.) Furthermore, NRS 13.050 provides, in pertinent part, that

> 1. If the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demand in writing that the trial be had in the proper county . . . .
>
> 2. The court may, on motion, change the place of trial in the following cases:
>
> (a) When the county designated in the complaint is not the proper county. . . .

SUPREME COURT
OF
NEVADA

(O) 1947A

2

A motion for a change of venue pursuant to NRS 13.040 does not allow the district court to exercise its discretion so long as the statutory requirements set forth therein are met. *Halama v. Halama*, 97 Nev. 628, 629, 637 P.2d 1221, 1221 (1981); *see also Grey v. Grey*, 111 Nev. 388, 390, 892 P.2d 595, 597 (1995) (noting that if a defendant in a domestic relations matter resided at the commencement of the action "as she alleged in her venue document, then she is entitled to a change of venue as a matter of right").

Here, Dara, as a defendant, filed a motion for a change of venue, alleging that Washoe County is not the proper venue because she was a resident of Douglas County at the commencement of the action. Adam does not argue that Dara's motion was untimely. Therefore, we hold that because Dara was a defendant alleging that the county designated in Adam's complaint was not the proper county, she had standing to request a change of venue under NRS 13.050.

*The burden of proof is on Adam to prove that Washoe County is the proper venue*

"Once a timely demand [for a change of venue] is filed, *the plaintiff* . . . has the burden of proving that the county [in] which the action is filed is indeed a proper venue." *Washoe Cty. v. Wildeveld*, 103 Nev. 380, 382, 741 P.2d 810, 811 (1987) (emphasis added).

Adam is mistaken in his belief that Dara must prove by clear and convincing evidence that Douglas County is the proper venue. As we have previously held, the burden of proof is on the *plaintiff* to prove that the original county in which the complaint was filed is the proper venue. *Id.*

Here, Adam argues that

> [Dara] does not have a lease, rental agreement, own property or have utilities in her name in Douglas County. She does not have employment or vehicle registration in Douglas County. She has not even moved the majority of her personal belongings from the marital home in Washoe County[ ] . . . , where she owns property, has her vehicle registered, is registered to vote, and has lived until three weeks ago.

However, no evidence was presented to support these contentions, and, in fact, Dara submitted evidence that seems to rebut at least some of the contentions. For example, Dara provided evidence that demonstrated that Adam was aware that she and their son had moved to Douglas County and that she was enrolling him in a school in that county. Specifically, Dara provided copies of text messages from August 9, 2015, between her and Adam that demonstrated Adam's awareness that Dara was moving with their son to her parent's house and that their son would be changing schools. Dara also provided an Instagram update by Adam on his Instagram account, dated August 9, 2015, in which he stated, "Man...pretty heavy day today coming home to see moving trucks. You know it's gonna happen, but it's impossible for something like that to not affect you. . . ." Thus, there is evidence that Dara had indeed moved out of the marital residence on August 9, 2015, likely with her personal belongings.

Without offering any evidence supporting his contentions, Adam failed to meet his burden of proving that Washoe County is the proper county for the commencement of the action. *Wildeveld*, 103 Nev. at 382, 741 P.2d at 811. Because Adam failed to meet his burden of proving that the action was commenced within the proper venue, the district court

did not err in granting Dara's motion for a change of venue to Douglas County.[1]

Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:  Hon. David Humke, District Judge, Family Court Division
     Barber Law Group, Inc.
     Kathleen B. Kelly
     Washoe District Court Clerk

---

[1]Because the burden is not on Dara to prove that she was a resident of Douglas County at the commencement of the action, this court need not address Adam's third claim that the district court abused its discretion by failing to provide a factual basis for its conclusion that Dara presented evidence that corroborated that she is in fact a resident of Douglas County.