ROBERT M. CLARKE *et al.*, RESPONDENTS, *v.* LYON COUNTY, APPELLANT.

SUPREME COURT DECISIONS—IMPLIED ADJUDICATION OF QUESTION OF JURISDICTION. Where among other objections properly raised and argued on appeal from a judgment, it was urged that the court below had no jurisdiction, which question however the Supreme Court did not specially notice but decided the appeal on other points and remanded the case for a new trial: *Held*, that as the question of jurisdiction was preliminary in its character and the reversal had been placed upon other grounds, the action of the Supreme Court amounted to an adjudication that the objection to the jurisdiction was untenable.

ACTION AGAINST COUNTY IN OTHER JUDICIAL DISTRICT. The statute prescribing the manner of commencing an action against a county and providing that it

"may be commenced in the district court of the judicial district embracing said county," (Stats. 1864, 45) does not prevent the bringing of such an, action in another judicial district, subject to the right of defendant to a change of venue.

ACTION AGAINST COUNTY—JURISDICTION—CHANGE OF VENUE.  An action against a county is a civil suit; and in the absence of any special provision of statute to the contrary it is governed by the same rules of practice applicable to other civil suits in reference to jurisdiction and change of venue.

ACTION AGAINST COUNTY IN OTHER DISTRICT—WAIVER OF CHANGE OF VENUE. Where a county was sued in a judicial district of which it did not form a part, but it appeared and answered without presenting any objection to the jurisdiction: *Held*, that it thereby waived its right to a change of venue and trial in its own judicial district.

RATIFICATION OF ACT OF UNAUTHORIZED AGENT.  If a principal, upon a full knowledge of all the circumstances, deliberately ratify the act of an unauthorized agent, he will be bound thereby as fully as if the agent had been expressly authorized to do the act.

POWER OF COUNTY COMMISSIONERS TO EMPLOY EXTRA COUNSEL.  The statute creating boards of county commissioners, in authorizing them "to control the prosecution and defense of all suits to which the county is a party," (Stats. 1864–5, 257, Sec. 8) confers upon them the power to employ counsel in such suits other than the district attorney, and as a consequence to ratify the act of an unauthorized agent in employing such counsel.

ALLOWANCE BY COUNTY OF FEES of "EXTRA COUNSEL," WHEN RATIFICATION OF UNAUTHORIZED EMPLOYMENT. Where Clarke & Wells, having performed legal services for Lyon County under an unauthorized employment by the district attorney in a suit pending against it, presented their bill of $5000 therefor to the county commissioners; and it appeared that such commissioners with a knowledge of all the material facts and after full discussion upon the merits deliberately recognized the performance of the services for the county and allowed $400 as a fair compensation therefor : *Held*, that such action amounted to a ratification of the unauthorized employment by the district attorney, and that by such ratification the county became bound to pay what the services were reasonably worth.

OBJECTIONS NOT CONSIDERED WHEN NOT PROPERLY PRESENTED.  The Supreme Court will not consider an objection to a judgment against a county, based on the ground that the claim had not been presented to the county auditor for allowance or rejection, if such objection does not appear to have been made in the court below and is not set forth in the assignment of errors on appeal.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

This was an action by Robert M. Clarke and Thomas Wells, composing the law firm of Clarke & Wells, to recover $5000 for legal services performed by them on behalf of defendant in defending the suit of *The Virginia and Truckee Railroad Company* v. *Lyon County*, in May and June, 1870,

which case was here on a former appeal and will be found reported in 7 Nev. 75. After that decision, the action having been remanded, a second trial took place in the court below—upon which as appears from the opinion the facts were more fully presented—and resulted in a verdict and judgment in favor of plaintiffs for $5000—a larger amount than had been awarded on the former trial. A motion for a new trial having been overruled, defendant appealed from the judgment and order.

*Mitchell & Stone*, for Appellant.

I. The action should have been dismissed. The statute prohibits the institution and maintenance of any suit against a county in any judicial district other than the one in which it is situate. The words "may be commenced" mean "must be commenced." Stats. 1864, 45; *Lehigh County* v. *Kleckner*, 5 Watts & Sergeant, 181; *Lyell* v. *Board of Supervisors of St. Clair County*, 3 McLean, 580; 7 Mass. 187; *Gillman* v. *Contra Costa County*, 8 Cal. 57; 4 Gilman (Ill.) 20; 50 Ill. 506; 31 Ill. 543; 5 Cow. 188; 5 John Ch. 111; 34 Cal. 290; 5 Cal. 290; 6 Blackford, 125; 3 Comstock, 9; 33 Cal. 217.

II. There was no evidence showing or tending to show a contract or any ratification of a contract by defendant. The evidence showed without conflict that the allowance made by the commissioners was a mere gratuity, and was so declared to be by said commissioners at the time of the allowance. *Ward* v. *Williams*, 26 Ill. 447; 26 Wend. 226; 2 Hill, 175; *Yellow Jacket Co.* v. *Stevenson*, 5 Nev. 225; *Clarke & Wells* v. *Lyon Co.*, 7 Nev. 79; *Zottman* v. *San Francisco*, 20 Cal. 102; 26 Wend. 494.

III. The instruction is erroneous. It makes the allowance of $400 conclusive proof of the ratification of the contract of employment made by Gates, provided the jury believe from the evidence the commissioners were acquainted with all the material facts of such employment. Such a proposition is not law, and it ignores the testimony introduced by both plaintiffs and defendant tending to explain

the allowance as contained in the minutes of the board and showing that such allowance was a gift or gratuity and not a ratification.

IV.   Plaintiffs failed to prove a legal allowance or rejection by the officers of the county of any portion of their claim, and hence no *prima facie* case was made to go to the jury.  There is no proof that plaintiffs ever presented their claim to the auditor for approval or allowance, and the allowance by the commissioners alone was not sufficient to constitute a ratification of any contract.   *Champion* v. *Sessions*, 1 Nev. 482.

*Robert M. Clarke*, for Respondents.

I.   The evidence shows that Gates notified the commissioners that he had employed plaintiffs; and it is clear such employment was for the county and that the commissioners knew it.  Their allowance under these circumstances of part of the demand amounted to a ratification and rebuts the presumption of gratuity; and in ratifying the employment the commissioners bound the county to pay what the services were worth.

II.   The court below had jurisdiction of the subject-matter and by answering the defendant submitted itself or its person to the jurisdiction.   The Practice Act, Sec. 21, is equally applicable to counties and individuals; so that if a county be sued in the wrong place, it, like an individual, must apply to have the venue changed before "the time for answering has expired" or submit to the jurisdiction.   50 Ill. 506.

III.   The statute relating to suits against counties does not create a special remedy or new forum, but simply authorizes suit against a county.   The forum is the district court and the proceedings are to be the same as those in the case of an individual as prescribed by the Practice Act.   Stats. 1864, 45.

IV.   The objection that it does not appear from the record that the demand was presented to the auditor is not well

taken. It is no where specified as ground of objection, nor is it assigned as error in the record.

By the Court, HAWLĖY, J.:

An opinion was rendered at the October term, 1871, of this court, reversing this case upon the ground of error of the district court in refusing to give a certain instruction asked by defendant. *Clarke et al.* v. *Lyon County*, 7 Nev. 75. A new trial in the district court resulted in plaintiffs obtaining judgment for $5000. Sec. 1 of the act prescribing the manner of commencing and maintaining actions by or against counties provides that "actions against a county may be commenced in the district court of the judicial district embracing said county" (Stats. 1864, 45), and it is claimed by appellant that under this section Lyon County [defendant] could not be sued in any other district than the one where it is situate; in other words, that this suit having been commenced in Ormsby County in the second judicial district court (which does not embrace Lyon County), the district court had no jurisdiction.

It would be a sufficient answer to this objection to state that the same question was properly presented in the record and argued by counsel upon the former hearing of this case. If the objection to the jurisdiction was valid it would be a final determination of this suit adverse to plaintiffs; and it is not to be presumed that the Supreme Court would have rendered an opinion reversing the case on other grounds, while entertaining the opinion that the district court had no jurisdiction to try the case. The mere fact that the reversal of the case was placed on other grounds is conclusive that the Supreme Court then entertained the opinion that the objection to the jurisdiction of the district court was untenable. But inasmuch as this point has been elaborately argued and ably presented by appellants' counsel, we deem it proper to express our views upon the question.

The act prescribing the manner of commencing actions by or against counties was evidently passed for the express pur-

13

pose of giving the power to sue counties—a right which did not exist at common law—and it simply provides that such actions "may be commenced" in certain courts and specifies the manner in which the original process shall be served.

An action against a county is a civil suit and all the proceedings had therein, in the absence of any special provision in the act giving the right to sue, are to be governed by the provisions of the Civil Practice Act. Sec. 21 of this act provides, that "if the county designated for that purpose in the complaint be not the proper county, the action may notwithstanding be tried therein unless the defendant before the time for answering expire demand in writing that the trial be had in the proper county." The defendant when served with process appeared and answered plaintiffs' complaint without presenting any objection to the jurisdiction of the court, thereby waiving its right to avail itself of the privileges given in said section.

If the defendant desired to have the place of trial changed to the proper county, it should have made demand in writing at or before the time for answering. *Reyes* v. *Sanford*, 5 Cal. 117; *Pearkes* v. *Freer*, 9 Cal. 642. Upon such application being made, the court would have been compelled to change the place of trial. *Williams* v. *Keller*, 6 Nev. 144; *Watts* v. *White*, 13 Cal. 324.

In *McBane* v. *The People, ex rel Stout*, 50 Ill. 506, the question of the application of the Civil Practice Act to suits brought against counties was fully discussed. It was there held that the suit must be brought in the county specified in the statute; and the question then arose whether a suit against a county, properly brought, could be taken by a change of venue to a different county. Justice Walker, in delivering the opinion of the court, after citing the provisions of the statute of that state relating to change of venue, says: "It will be observed that the language of this section is comprehensive, and embraces the parties to any civil suit. And it is obvious that an action against a county is a civil cause; and it is equally plain that the plaintiff and defendants are parties to it; and it follows that they are em-

braced within the provisions of this law, nor do we find any exceptions as to any class of persons or civil causes, and no reason is shown why such parties or causes are not as fully within the reason of the provisions of this law as other parties." This decision is applicable to the facts of this case and is, in our judgment, conclusive of the question under discussion.

Appellant next claims that the district court erred in giving the following instruction: "If the jury believe from the testimony that on or about the 23d day of May, A. D. 1872, [1870] one William M. Gates was the acting district attorney of Lyon County in this State, and that in a proceeding in the Supreme Court entitled 'The State of Nevada *ex rel.* William Sharon against the Board of County Commissioners of Lyon County' the said district attorney employed the plaintiffs as attorneys and counsellors at law to appear and act for and on behalf of the said County of Lyon, and defend such action at law, without stipulating any fixed amount of compensation, and that at said time these plaintiffs were duly acting and licensed attorneys at law, and that pursuant to such employment these plaintiffs in good faith and in behalf of said Lyon County did appear and render valuable legal services as averred in the complaint, and that in such action the County of Lyon was actually a party in interest, and that these plaintiffs regularly and according to form of law did thereafter present to the board of county commissioners of said Lyon County a bill against said county for the sum of $5000, as the alleged value of such services; that said board of commissioners or a majority of the three commissioners were fully acquainted with all the material facts pertaining to such alleged employment and the alleged services rendered, and that under the light of such knowledge the said board of commissioners in due form and at a regular session of the board did consider and pass upon the merits of such bill and did allow thereon the sum of $400, and that such allowance as recorded upon the minutes of such board was absolute and unconditional and unreserved in form, then such action on the part of said commissioners

was in law a ratification of the alleged employment of plaintiffs by the said district attorney, and such ratification became binding upon this defendant, Lyon County; and the defendant, Lyon County, became liable to these plaintiffs for the reasonable value of any legal services so rendered by these plaintiffs, and your verdict in such case will be for the plaintiff, and you will state in your verdict such sum, not exceeding $5000, as you find from the testimony to be the value of such services."

It is a principle of law too well settled to require a citation of authorities that when the principal upon a full knowledge of all the circumstances deliberately ratifies the acts of an unauthorized agent he will be bound thereby as fully as if the agent had been expressly authorized to do the act.

The real questions to be decided are: first, whether the commissioners had the power to ratify the unauthorized act of the district attorney of Lyon County in employing plaintiffs to assist him in the trial of the case referred to in said instruction; second, if the commissioners had the power, is the testimony sufficient to show a ratification?

The first part of this question is readily answered in the affirmative. The statute of this State makes it the duty of the board of county commissioners "to control the prosecution or defense of all suits to which the county is a party," (Stats. 1864–5, 259, Sec. 8,) and it has been decided in California under a similar statute that the commissioners have the power to employ counsel other than the district attorney. *Hornblower* v. *Duden*, 35 Cal. 664. It follows, that having the power in the first instance to employ counsel, the commissioners had the power to ratify the unauthorized act of the district attorney in employing plaintiffs to assist him in the suit of The Virginia and Truckee Railroad Co. v. Lyon County. *Zottman* v. *San Francisco*, 20 Cal. 105; *The People ex rel. Alexander* v. *Swift*, 31 Cal. 26.

Did the commissioners ratify the unauthorized act of the district attorney? This was the question upon which the case was decided when first before this court, and is the one upon which it must now be determined. For a proper solu-

tion of this question it must be borne in mind that when the case was first before this court, "there was not," to quote the language of Lewis, C. J., "a scintilla of testimony to show that the commissioners knew of any contract between the district attorney and plaintiffs at the time they made the allowance." The opinion delivered by the C. J. was unquestionably correct upon the state of facts then presented. The present record exhibits an entirely different state of facts. It clearly appears from the testimony that while considering the bill of $5000 presented by plaintiffs and before taking final action thereon, the commissioners sent for the district attorney (Gates) and were by him fully advised of the entire transaction. Gates explained the manner and purpose of his employment of plaintiffs, and also stated the character of the services rendered by the plaintiffs. The commissioners knew they had never employed plaintiffs, or in any manner authorized the district attorney to employ them. They knew that plaintiffs had rendered legal services in the suit of The Virginia and Truckee Railroad Co. v. Lyon County, and were aware of the exact position of all the parties. It was within their power to reject the claim in toto. But with knowledge of all the material facts, and after full discussion upon the merits of the bill, they deliberately allow plaintiff $400. Why? Because the commissioners knew, as testified to by the witness Keith, "that Clarke had performed some services and they were willing to pay him what they were worth and would allow $400." This allowance can not be considered, as claimed by the learned counsel for appellant, a gratuity. The order was unconditional. It may have been and doubtless was intended by the commissioners as full compensation for the services rendered by plaintiffs. But it was a recognition upon the part of the commissioners that plaintiffs had rendered legal services for and on behalf of Lyon County, and amounted to a ratification of the unauthorized employment of plaintiffs. By such action the commissioners bound Lyon County to pay plaintiffs whatever amount their services were reasonably worth; and that question, owing to a difference of opinion between

the commissioners and plaintiffs, has been submitted to and determined by the jury.

Viewed in the light of all the evidence contained in the present record, we think the instruction given by the court was fully supported by the evidence, that it correctly stated the propositions of law, and was not calculated to mislead the jury.

The other objection urged by appellant that plaintiffs can not maintain their suit because the claim, after the allowance of $400, was not presented to the county auditor for approval or rejection, will not be considered; because the objection does not appear to have been made in the court below, and is not set forth in the assignment of errors on appeal. *Corbett* v. *Job*, 5 Nev. 204; *Meadow Valley Mining Co.* v. *Dodds*, 6 Nev. 264.

The judgment of the court below is affirmed.