LYON COUNTY, a Political Subdivision of the State of Nevada, Appellant, v. WASHOE MEDICAL CENTER, INC., Respondent.

No. 18432

December 30, 1988                                     766 P.2d 902

*William G. Rogers,* District Attorney, *James N. Varner,* Deputy District Attorney, Lyon County, for Appellant.

*Keith S. K. Ching* and *Barbara Tyler Chang,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On July 14, 1987, respondent Washoe Medical Center, Inc.,

(WMC) a non-profit Nevada corporation, brought suit in the Second Judicial District Court of Washoe County against Lyon County, a political subdivision of the State of Nevada.[1] WMC sought recovery of the costs of medical care it had provided to an allegedly indigent resident of Lyon County.[2] Subsequently, Lyon County filed a timely demand and motion for change of venue. In Lyon County's view, NRS 13.030(1) requires any suit brought against a county, except suits brought by another county, to be filed in the district court where the defendant county is located.[3] The district court rejected Lyon County's position, and, by an order dated August 26, 1987, denied Lyon County's motion. Lyon County now appeals from the district court's order. For the reasons set forth below, we reverse the order of the district court.

NRS 13.030(1) provides:

> Actions against a county may be commenced in the district court of the judicial district embracing the county; but actions between counties shall be commenced in a court of competent jurisdiction in any county not a party to the action.

The language of NRS 13.030(1) is essentially the same as that used when the territorial legislature first enacted the statutory provision permitting suits to be brought against counties. *See* Laws of the Territory of Nevada, ch. XXXVII, § 1 (1864). As explained by this court in Clarke v. Lyon County, 8 Nev. 181, 185-86 (1873), ''The act prescribing the manner of commencing actions by or against counties was evidently passed for the express purpose of giving the power to sue counties—a right which did not exist at common law—and it simply provides that such actions 'may be commenced' in certain courts. . . .''

In *Clarke,* Lyon County appealed from an adverse judgment rendered in favor of two Ormsby County attorneys in the district court of Ormsby County. As a basis for its appeal, it alleged, among other things, that the plaintiffs had improperly brought the suit in Ormsby County. *Id.* at 185. This court held that by appearing and answering the complaint, Lyon County had waived

---

[1]During oral argument, counsel for WMC stated that while WMC was a hospital for the benefit of the county, NRS 450.390, it was not a county agency. *See* NRS 13.030(1) (requiring suits between counties to be brought in a county not a party to the action). Also named were the Estate of Bessie C. Hope and five unidentified Doe defendants.

[2]*See* NRS 450.400 (providing that the costs of medical care rendered to an indigent resident of another county are a legal claim against the indigent's county of residence).

[3]In Washoe County v. Wildeveld, 103 Nev. 380, 741 P.2d 810 (1987), Washoe County presented the identical issue. Because the case was resolved on other grounds, this court declined to decide the issue.

its right to rely on Sec. 21, Ch. 112, Stats. 1869—the predecessor statute to NRS 13.050(1). *Id.* at 186. Speaking for the court, Justice Hawley stated, "If the defendant desired to have the place of trial changed to the *proper* county, it should have made demand in writing at or before the time of answering." *Id.* (citations omitted) (emphasis added). Citing Williams v. Keller, 6 Nev. 144 (1870), Justice Hawley added, "Upon such application being made, the court would have been compelled to change the place of trial." *Clarke,* 8 Nev. at 186. Thus, implicit in this court's decision in *Clarke* was its belief that Lyon County was the proper venue and Ormsby County was not.

WMC seeks to distinguish *Clarke* on its facts by stating that Ormsby County was not a proper forum.[4] We see no difference between the respondents in *Clarke* and WMC; both attempted to sue Lyon County in the district court embracing the county of their residence. WMC also argues that the term "may" as used in NRS 13.030(1), particularly when contrasted with the term "shall" contained in the same section, was intended by the legislature as permissive, *i.e.,* to permit, but not require, suits to be commenced in the defendant county's district court. We disagree.

In Good Roads Machinery Co. v. Broadwater County, 20 P.2d 834 (Mont. 1933), the Supreme Court of Montana interpreted a similar venue statute and concluded that although the term "may" was permissive in the sense that it permitted suits to be brought against counties, the legislature nonetheless intended to restrict the exercise of the privilege to the courts within the defendant county only.[5] The Supreme Court of Montana stated:

> This purpose is found in the initial declaration, viz.: "An action against a county may be commenced," etc. This phrase grants a prospective litigant—to one having a grievance against a county—permission to sue, something not possible without express statutory authority. That part of the section is permissive, and properly makes use of the word

---

[4]According to WMC, Washoe County is a proper forum. In WMC's view, venue is proper in Washoe County pursuant to NRS 13.010(1) because WMC contracted with the deceased, Bessie C. Hope, and performed the contract in Washoe County. We disagree. Contrary to WMC's assertion, we believe the parties' dealings with each other were statutory, rather than contractual in nature. *See* NRS 428.030 and 450.400. Thus, NRS 13.010(1) does not apply and Washoe County is not a proper forum.

[5]The statute in question, Montana Revised Code § 9095 (1921) provided:
> An action against a county may be commenced and tried in such county, unless such action is brought by a county, in which case it may be commenced and tried in any county not a party thereto.

"may" in its broad and most commonly understood sense. It confers jurisdiction to commence an action against a county, but the privilege of such grant of jurisdiction can only be exercised in the manner and under the terms and restrictions of the section. It is not a broad general permission or power, but is restricted and limited by its own terms to the commencement of an action only in a defendant county.

*Good Roads,* 20 P.2d at 835. *Cf. Clarke, supra.*

We too believe that our legislature, having conferred upon persons the privilege to bring suits against counties, restricted its grant to the commencement of suits "in the district court of the judicial district embracing the [defendant] county."[6] *See* Holliday v. McMullen, 104 Nev. 294, 756 P.2d 1179 (1988) ("statutes in derogation of the common law must be strictly construed") (citing 6 Sutherland, *Statutory Construction* § 61.01-06 (4th ed. 1985)). Today, just as in 1864, important public interests such as avoiding the costs to taxpayers of defending actions in other communities, maintaining actions where relevant official records are kept, and reducing forum shopping militate in favor of this conclusion.

Accordingly, we reverse the order of the district court denying Lyon County's demand and motion for change of venue and remand this case to the district court with directions to vacate the order and to order a change of venue to Lyon County.

---

[6]Of course, if an impartial trial cannot be conducted in "the district court of the judicial district embracing the county," or if the convenience of witnesses and the ends of justice would be better served by changing the place of trial, the district court may, on motion, change the place of trial. NRS 13.050(2)(b)-(c). The action, however, initially must be commenced in the proper court.