WASHOE MEDICAL CENTER, INC., A NON-PROFIT NEVADA CORPORATION, APPELLANT, *v.* LYON COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, RESPONDENT.

No. 21669

July 3, 1991                           813 P.2d 1008

*Keith S.K. Ching, Robert E. Nelson-Kortland, Terrance Shea,* Reno, for Appellant.

*Keith Loomis,* District Attorney, and *Robert E. Estes,* Deputy District Attorney, Lyon County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Washoe Medical Center (WMC) provided medical care to a resident of respondent Lyon County. Believing the resident was an indigent, WMC notified the Lyon County Clerk of its medical services and requested payment for those services pursuant to statute. After the County refused to provide reimbursement, appellant filed its initial complaint in Washoe County on July 14, 1987, praying for $13,254.87, interest, and attorney's fees. Respondent moved for summary judgment after successfully contesting the venue.[1] The district court granted summary judgment to respondent, concluding that the notice provided was not to the board of county commissioners and was therefore statutorily defective. On appeal, appellant contends that summary judgment was improper because genuine issues of material fact remain. We agree.

The determinative issue on appeal is whether the Lyon County Board of Commissioners had actual notice of the medical services provided by WMC. Although NRS 450.400[2] states that notice shall be "in writing . . . addressed to the board of county commissioners," we conclude that actual notice would satisfy the requirements of NRS 450.400. The purpose of the notice requirement is to enable the commissioners of the resident county to remove a patient to the local hospital so that the hospitalized person is closer to her family and friends, and so that local facilities are utilized. *See* Att'y Gen. Op. No. 36, at 87 (1971). Actual notice fulfills all of the purposes of the notice requirement. *See also* Washoe Co. v. Eureka Co., 25 Nev. 356, 60 P. 376 (1900).

---

[1]After the district court denied respondent's motion for change of venue, we reversed and remanded the case with directions to vacate the order denying change of venue and to issue an order changing venue to Lyon County. Lyon County v. Washoe Medical Center, 104 Nev. 765, 766 P.2d 902 (1988).

[2]NRS 450.400 reads in pertinent part:

1. When the privileges and use of the hospital are extended to a resident of another county who is entitled under the laws of this state to relief, support, care, nursing, medicine, medical or surgical aid from the other county, or to one who is injured, maimed or falls sick in the other county, the governing head shall immediately notify the board of county commissioners of that county.

2. *The notice must be in writing and addressed to the board of county commissioners of that county.*

(Emphasis added.)

No discovery was conducted in this case prior to summary judgment. Accordingly, the possibility remains that the board of county commissioners had actual notice of the medical services provided by WMC. Because of this possibility, a genuine issue of material fact persists and we cannot affirm the award of summary judgment to Lyon County. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985) (summary judgment is only appropriate when, after a review of the record, in a light most favorable to the nonmoving party, there remain no issues of material fact).[3] Accordingly, we reverse the district court's award of summary judgment and remand for proceedings consistent with this opinion.

MOWBRAY, C. J., ROSE, STEFFEN and YOUNG, JJ., and BREEN, D. J.,[4] concur.

---

[3]We reject appellant's remaining contention that an alternative claim under NRS Chapter 428 precluded summary judgment. The procedure for such a claim is set out in NRS 439B330. NRS 439B.330(3) requires a hospital which treats an indigent inpatient to submit a discharge form identifying the patient as a possible indigent to the board of county commissioners of the county of residence. NRS 450.400(1) and (2) require a hospital which extends medical services to a resident of another county to immediately notify in writing the board of county commissioners of that county. We are not persuaded that the procedure in NRS 439B.330(3) serves to rescind the more precise requirement in NRS 450.400.