BOARD OF COUNTY COMMISSIONERS OF NYE COUNTY, BARBARA RAPER, in Her Official Capacity, and RICHARD CARVER, in His Official Capacity, Appellants, v. FRANKIE SUE DEL PAPA, Attorney General of the State of Nevada, Respondent.

No. 22336

February 20, 1992                    825 P.2d 1231

*Arthur F. Wehrmeister,* District Attorney and *Les W. Bradshaw,* Deputy District Attorney, Nye County, for Appellants.

*Frankie Sue Del Papa,* Attorney General and *Robert Auer,* Deputy Attorney General, Carson City, for Respondent.

# OPINION

*Per Curiam:*

On March 28, 1991, the attorney general filed in the First Judicial District Court[1] a complaint for declaratory relief against the Board of County Commissioners of Nye County and two of the commissioners in particular (commissioners). The complaint alleged that on January 24, 1991, the commissioners held a special closed-door meeting in Las Vegas in violation of Nevada's open meeting laws.

On April 12, 1991, the commissioners filed a motion seeking a change of venue to the Fifth Judicial District Court.[2] The attorney general opposed the motion. On April 22, 1991, the district court denied the motion. This timely appeal followed.

Appellants contend that the district court erred in denying their motion for a change of venue because the venue statute, NRS 13.020, rather than the open meeting law, NRS 241.037, controls in determining proper venue in this case. We agree.

Pursuant to NRS 13.020(2), actions against public officers for acts done by virtue of their office "shall be tried in the county where the cause, or some part thereof, arose . . . ." By contrast, NRS 241.037(1) simply sets forth the jurisdictions in which the attorney general *may* bring suit for violations of the open meeting laws. Unlike NRS 13.020, NRS 241.037(1) does not specify where the suit *must* be brought. Thus, the attorney general can maintain suit in Carson City *only if* the commissioners do not challenge that choice of venue. *See* NRS 13.050(1).[3]

In this case, the commissioners are public officers alleged to have engaged in improper acts done by virtue of their office. In addition, the cause arguably arose in Nye County, because that is where the commissioners ordinarily sit and where the allegedly illegal meeting, though actually held in Clark County, was publicized. Under such circumstances, NRS 13.020 mandates that the action be brought in Nye County, or, at the very least, in Clark County. Nowhere does the complaint allege any connection what-

---

[1]The First Judicial District Court encompasses Carson City, which is where the attorney general's principal office is located.

[2]The Fifth Judicial District Court encompasses Nye County, which is the county in which the commissioners ordinarily sit.

[3]NRS 13.050(1) provides: "If the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant . . . demand in writing that the trial be had in the proper county . . . ." *See also* NRS 13.050(2)(a) ("court may, on motion, change the place of trial . . . [w]hen the county designated in the complaint is not the proper county").

soever between the commissioners' actions and Carson City. Thus, Carson City appears to be a patently improper venue. Consequently, the commissioners were justified in seeking a change of venue pursuant to NRS 13.050. Because NRS 13.020 clearly governs, we hold that the district court erred in denying the commissioners' motion for a change of venue. *Cf.* Lyon County v. Washoe Medical Center, 104 Nev. 765, 766 P.2d 902 (1988).

Accordingly, we reverse the order of the district court denying appellants' motion for a change of venue, and we remand this case to the district court for further proceedings consistent with this opinion.