NYE COUNTY, a Political Subdivision of The State of Nevada, Appellant, v. WASHOE MEDICAL CENTER, a Non-Profit Nevada Corporation, Respondent.

No. 22501

July 22, 1992                                               835 P.2d 780

*Art Wehrmeister,* District Attorney, and *Les W. Bradshaw,* Deputy District Attorney, Nye County, for Appellant.

*Terrance E. Shea,* Reno, for Respondent.

---

[3]Because we find this issue dispositive, we decline to address appellant's other arguments.

# OPINION

*Per Curiam:*

Nye County resident Dathan Delapeza was admitted to Nye County General Hospital with an illness. He was subsequently transferred to Washoe Medical Center (WMC) in Washoe County for additional treatment over a period of days prior to his discharge. WMC ultimately sought payment for Delapeza's hospital care from Nye County, contending that indigency or financial status is irrelevant when a person becomes ill in one county and is thereafter transported to another county for treatment. The district court agreed and granted partial summary judgment in favor of WMC concerning the issue of liability. We conclude that the district court erred and reverse.

## Facts

When Delapeza became ill in Nye County, he was first taken to Nye County General Hospital, and thereafter transported to WMC for further treatment. Delapeza was treated at WMC from October 7, 1987 to October 10, 1987, and from November 3, 1987 to November 5, 1987.

Having concluded that Delapeza was indigent, WMC sent letters dated October 8, 1987 and November 3, 1987 to the Nye County Clerk, advising Nye County that Delapeza was a patient at WMC, and requesting Nye County to accept responsibility for the charges incurred on Delapeza's behalf. Nye County, contending that Delapeza was not eligible for county aid, rejected WMC's request.

WMC filed a complaint against Nye County to recover the cost of Delapeza's treatment. WMC sought and was granted summary relief on the issue of Nye County's liability to WMC for the cost of medical services rendered to Delapeza, though Delapeza's financial status remained at issue. A trial followed on the remaining question of the reasonableness of WMC's charges. Thereafter, judgment was entered against Nye County for $9,039.43 plus $3,000 in attorney's fees, thus prompting this appeal.[1]

## Discussion

Nye County argues that it is not liable for the medical bills of individuals who are residents of Nye County or who fall ill in Nye County and are treated in another county unless they are indigent. Nye County also insists that WMC failed to establish

---

[1]Although WMC also obtained a default judgment against Delapeza, Delapeza has left the area and WMC has been unable to satisfy the judgment through its former patient.

Delapeza's indigency. WMC urges a contrary position, contending that summary judgment was proper despite the unresolved factual issue of Delapeza's indigency because when a patient fails or is unable to pay for his or her medical care, liability for treatment attaches to the county in which the patient falls ill irrespective of the patient's financial status. We determine that under Nevada's statutory scheme, indigency is a prerequisite to a county's obligation to provide charitable medical aid, and therefore reverse the summary judgment establishing Nye County's liability.

The controversy in this appeal centers on the interpretation of NRS 450.400, which gives a county hospital (such as WMC) a legal claim to recover the costs of medical services rendered to "a resident of another county who is entitled under the laws of this state to relief, support, care, nursing, medicine, medical or surgical aid from the other county, *or to one who is injured, maimed or falls sick in the other county*" (emphasis added). WMC contends that this statute was enacted to allow a treating county hospital to recover the costs of medical services rendered to someone who became ill in another county, irrespective of the patient's indigency. Nye County insists that the statute is intended to apply only to indigents, and must be read in conjunction with NRS 428.010, which places a duty upon every county to "provide care, support and relief to the poor, indigent, incompetent and those incapacitated by age, disease or accident," who reside in the county and are not supported by any other person or organization.

We reject WMC's interpretation of the statute. It is difficult to imagine that the legislature intended to make county taxpayers liable for the medical treatment of everyone, regardless of financial status, who becomes sick in the county and receives treatment elsewhere. NRS chapters 450 and 428 deal extensively with a county's obligation to provide no-cost aid to indigent, disabled, elderly, or otherwise needy individuals. It would be inconsistent with the surrounding statutes to interpret NRS 450.400 to require a county to assume the cost of medical care for everyone falling ill within its borders irrespective of financial status. Accordingly, we determine that a reasonable interpretation of NRS 450.400 is that a county is responsible only for the medical care of its resident indigents and nonresident indigents who fall sick or are injured within the responsible county. *See* Roberts v. State, 104 Nev. 33, 37, 752 P.2d 221, 223 (1988) (legislative intent behind an ambiguous statute can be derived from reason and public policy).

The result we have reached is consistent with the 1991 amendment to NRS 450.400, which specifies that a hospital is entitled to recover the costs of medical treatment for a resident of another county "who is reasonably believed to be indigent, as defined in NRS 439B.310 . . . ." Moreover, a 1989 amendment to NRS 428.030 specifies that a board of county commissioners is to pay hospitals for the medical treatment of resident *indigents* "and any nonresident *indigent* inpatients who fall sick in the county" (emphasis added), suggesting that indigency is a prerequisite to county charitable medical aid.

Delapeza's indigency was disputed.[2] The record contains insufficient evidence upon which to determine whether Delapeza's financial status qualifies him for charitable medical aid. Therefore, the district court erred in granting summary judgment to WMC on the issue of Nye County's liability for Delapeza's medical bills, as Nye County is only responsible for those bills if Delapeza was indeed indigent. The matter must therefore be remanded to the district court for a determination of Delapeza's indigency. *See* Shepard v. Harrison, 100 Nev. 178, 678 P.2d 670 (1984) (summary judgment must be denied when there is the slightest doubt as to the facts); Mullis v. Nevada Nat'l Bank, 98 Nev. 510, 654 P.2d 533 (1982) (opposing party is entitled to all favorable inferences).

Finally, Nye County urges us to accept the proposition that in any event it is relieved of responsibility for the costs of Delapeza's medical treatment because WMC failed to give it sufficient notice of Delapeza's hospitalization. The letters sent by WMC to Nye County advising it of Delapeza's hospitalization were addressed to the Nye County Clerk rather than the board of county commissioners, contrary to NRS 450.400(2).

Nye County has raised this issue for the first time on appeal. Generally, an issue which is not raised in the district court is waived on appeal. Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). We therefore determine that Nye County has waived its opportunity to present this issue on appeal. We note, however, that we previously have held that actual notice satisfies the notice requirements of NRS 450.400(2). Washoe

---

[2]Nye County submitted documents indicating that at the time of his illness, Delapeza was employed as a dishwasher at a casino in Tonopah. WMC submitted evidence suggesting that Delapeza had only been employed for three weeks when he fell ill and had no insurance or assets with which to pay his medical bills.

Med. Center v. Lyon County, 107 Nev. 493, 813 P.2d 1008 (1991).

For the reasons specified above, we reverse the grant of partial summary judgment entered below, and remand this matter for further proceedings consistent with this opinion.