NYE COUNTY, a Political Subdivision of the State of Nevada, Appellant, v. WASHOE MEDICAL CENTER, INC., a Non-Profit Corporation, Respondent.

No. 24362

July 7, 1994 877 P.2d 514

*Arthur F. Wehrmeister,* District Attorney, and *Les W. Bradshaw,* Deputy District Attorney, Nye County, for Appellant.

*Terrance Shea,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal after remand of a case involving appellant Nye County's statutory duty to pay for medical care that an

indigent resident of Nye County received at respondent Washoe Medical Center ("WMC"). We originally remanded the matter for a determination as to whether the patient was in fact indigent. The evidence adduced below supplied an answer in the affirmative.

On appeal, Nye County contends that despite the finding of indigency, the patient nevertheless failed to comply with certain prerequisites for county aid, and that not all of the criteria for indigency were satisfied. We conclude that these contentions are not relevant to WMC's statutory cause of action against Nye County and affirm the judgment entered by the district court.

## FACTS

The instant appeal followed a remand ordered by this court in Nye County v. Washoe Medical Center, 108 Nev. 490, 835 P.2d 780 (1992) (hereafter *Nye County I*). That opinion recited the facts and the rulings, repeated here for continuity, constituting the basis for the ongoing dispute between the parties:

> Nye County resident Dathan Delapeza was admitted to Nye County General Hospital with an illness. He was subsequently transferred to Washoe Medical Center (WMC) in Washoe County for additional treatment over a period of days prior to his discharge. WMC ultimately sought payment for Delapeza's hospital care from Nye County, contending that indigency or financial status is irrelevant when a person becomes ill in one county and is thereafter transported to another county for treatment. The district court agreed and granted partial summary judgment in favor of WMC concerning the issue of liability. We conclude that the district court erred and reverse.
>
> When Delapeza became ill in Nye County, he was first taken to Nye County General Hospital, and thereafter transported to WMC for further treatment. Delapeza was treated at WMC from October 7, 1987 to October 10, 1987, and from November 3, 1987 to November 5, 1987.
>
> Having concluded that Delapeza was indigent, WMC sent letters dated October 8, 1987 and November 3, 1987 to the Nye County Clerk, advising Nye County that Delapeza was a patient at WMC, and requesting Nye County to accept responsibility for the charges incurred on Delapeza's behalf. Nye County, contending that Delapeza was not eligible for county aid, rejected WMC's request.
>
> WMC filed a complaint against Nye County to recover the cost of Delapeza's treatment. WMC sought and was granted summary relief on the issue of Nye County's liability to

WMC for the cost of medical services rendered to Delapeza, though Delapeza's financial status remained at issue. A trial followed on the remaining question of the reasonableness of WMC's charges. Thereafter, judgment was entered against Nye County for $9,039.43 plus $3,000 in attorney's fees, thus prompting this appeal.

*Id.* at 491, 835 P.2d at 780-81.

We concluded, in *Nye County I,* that the resident county is responsible under NRS 450.400 for medical care provided by the county hospital of another county to indigent patients from the resident county. *Id.* at 492, 835 P.2d at 781. However, we rejected the argument that, irrespective of a patient's financial status, a resident county is automatically responsible for hospital costs anytime a patient from the resident county has failed to pay. *Id.* Thus, because Delapeza's indigency was disputed, we concluded that summary judgment was inappropriate and remanded the matter to the district court for a determination of Delapeza's financial status. *Id.* at 493, 835 P.2d at 782.

Upon remand, a hearing was held on the issue of Delapeza's indigency. Nye County argues that "[e]vidence was presented [at this proceeding] that Delapeza was employed at the time of his illness and therefore was able to pay Washoe Med." WMC contends, however, that it was also established that during September, October, and November of 1987, Delapeza had a total income of only $1,140.34, or an average of $380.11 per month. This amount qualifies Delapeza as an indigent under NRS 439B.310,[1] a fact conceded by Nye County. Indeed, the district court's decision indicates that Nye County conceded that "the only financial records obtainable concerning Delapeza indicate that by income standards alone, he is indigent." As "the remand order[ed] a simple finding of indigency," this concession would appear to end the matter. Nye County nevertheless argued below that because Delapeza failed to comply with certain of the county's procedural requirements for aid eligibility, the county was not responsible for his medical bills. The district court reached no conclusion on this newly advanced proposition, other than the observation that the various statutes are "entwin[ed]" and create a law of indigent care which is "not as clear as it could be."

---

[1]NRS 439B.310(4) provides that an income of less than $738.00 for a household of three, or less than $438.00 for a household of one, qualifies for indigency. (The parties treat these figures as "monthly" amounts, though the statute does not specify the time periods involved.) Evidence presented at trial suggests that Delapeza was married with one child; in any event, Delapeza's $380.11 per month income would satisfy indigency requirements even if he were living alone.

The district court noted that Delapeza did not cooperate with Nye County or Washoe Medical Center concerning the truthful completion of applicable forms, and that a search for his other possible assets proved fruitless.[2] Ultimately, the court determined that the only available criteria for determining Delapeza's status was his wages, and that based upon that criteria alone, Delapeza was indigent. The court also concluded that Delapeza was a resident of Nye County when he received medical treatment at WMC. Accordingly, judgment was entered in favor of WMC in the amount of $9,039.43 plus $3,000.00 in attorney's fees. Again dissatisfied, Nye County appealed.

## DISCUSSION

WMC's argument is fairly straightforward. When a county hospital cares for an indigent resident of another county, NRS 450.400 gives the hospital a cause of action against the resident county for reimbursement/payment of certain charges, as follows:

> 1. When the privileges and use of the hospital are extended to a resident of another county who is reasonably believed to be indigent, as defined in NRS 439B.310 [see note 1 supra], and who is:
> (a) Entitled under the laws of this state to relief, support, care, nursing, medicine or medical or surgical aid from the other county; or
> (b) Injured, maimed or falls sick in the other county, . . . .
> . . . .
> 4. . . . . [T]he governing head has a legal claim against the county for all charges for occupancy, nursing, care, medicine, and attendance, other than medical or surgical attendance, necessarily furnished, and may recover those charges in a suit at law.

WMC contends that the referenced statute is dispositive based upon the district court's findings, the concessions of the parties, and the decision of this court in *Nye County I*. In short, Delapeza was an indigent resident of Nye County who received medical treatment at WMC for which Nye County was responsible since the cost of the treatment was not paid.

Nye County, on the other hand, insists that its duty to provide aid and relief to indigents is established by NRS 428.010, which provides as follows:

---

[2]A footnote in *Nye County I* noted that Delapeza had left the area and WMC was unable to satisfy a default judgment they had obtained against him.

**428.010 Duty of county to provide aid and relief to indigents; duties of county commissioners. . . .**

1. Except as otherwise provided in NRS 422.382, to the extent that money may be lawfully appropriated by the board of county commissioners for this purpose pursuant to NRS 428.050, 428.285 and 450.425, every county shall provide care, support and relief to the poor, indigent, incompetent and those incapacitated by age, disease or accident, lawfully resident therein, when those persons are not supported or relieved by their relatives or guardians, by their own means, or by state hospitals, or other state, federal or private institutions or agencies.

2. Except as otherwise provided in NRS 439B.330, the boards of county commissioners of the several counties shall establish and approve policies and standards, prescribe a uniform standard of eligibility, appropriate money for this purpose and appoint agents who will develop regulations and administer these programs to provide care, support and relief to the poor, indigent, incompetent and those incapacitated by age, disease or accident.

NRS 428.015 then requires the county to adopt an ordinance setting forth the standards of eligibility, and sets forth the minimum standards of indigency allowed, which are the same as those set forth in NRS 439B.310.

Nye County notes that, pursuant to the requirements of NRS 428.010(2) and 428.015, it adopted an ordinance establishing standards of eligibility for indigent aid. Nye County further notes that Delapeza failed to comply with these standards by not applying for assistance and failing to disclose his assets, both prerequisites for eligibility under the ordinance. Nye County thus concludes that since Delapeza was ineligible for county aid, WMC is not entitled to payment.

We disagree with Nye County. There is nothing in the language of either statute to suggest that NRS 428.010 has a limiting effect on the cause of action created by NRS 450.400.[3] NRS Chapter 428 is for the direct benefit of an indigent who qualifies for aid thereunder. NRS 450.400, on the other hand, creates a cause of

---

[3]Nye County's best support for its argument on this point is perhaps the requirement of NRS 439B.310(3) that an indigent must "meet the limitations imposed by the county upon assets and other resources or potential resources." However, this condition of statutory indigency does not speak of compliance with the county's reporting requirements, whereas noncompliance with those requirements is the thrust of Nye County's arguments. Furthermore, as will be seen hereafter, it was Nye County, not WMC, who had the burden of demonstrating that these limitations on assets were not satisfied, if Nye County wished to rely upon Delapeza's lack of indigency as a defense.

action in a county hospital that treats an indigent resident of another county. Although we recognized in *Nye County I* that both statutes are part of the same general statutory scheme, and that NRS 450.400 should not be interpreted in a manner inconsistent with the surrounding statutes, the two statutes do not have a direct or explicit limiting effect on one another (especially with regards to the definition of indigency), nor did we recognize any such direct limiting effect in *Nye County I*.[4]

Thus, in *Nye County I*, we remanded for the sole purpose of determining whether Delapeza was indigent. Similarly, in Washoe Medical Center v. Churchill County, 108 Nev. 622, 626, 836 P.2d 624, 626-27 (1992), a case involving the same statutes, we noted quite simply that "[i]f WMC satisfied the notice requirements . . . and [the patient] is found to be indigent, WMC is entitled to have Churchill County pay [the patient's] medical bill." In the instant case, the only evidence presented to the lower court supported the finding that Delapeza was indigent under NRS 439B.310, the statute referenced in NRS 450.400.

Since the evidence available for the court's review at trial was admittedly limited, we must also address the question of which party bore the burden of proof. Nye County cites to County of Lander v. Board of Trustees, 81 Nev. 354, 403 P.2d 659 (1965), which discusses this issue, and maintains that WMC never presented any evidence supporting a presumption of indigency. However, *County of Lander* provides that the hospital has the right to make an initial determination of indigency (*id.* at 358, 403 P.2d at 661), which the resident county may then challenge and attempt to rebut in district court. *Id.* at 360, 403 P.2d at 662. Thus where, as here, the only available evidence supports a finding of statutory indigency, it is the county's duty to present further rebutting evidence, and its failure to do so means that the hospital's initial determination of indigency stands.

A holding that WMC must prevail if the only available evidence indicates that Delapeza was indigent is also supported by the following statement from *Nye County I:* "The result we have reached is consistent with the 1991 amendment to NRS 450.400, which specifies that a hospital is entitled to recover the costs of

---

[4]We note that Nye County's arguments might have had some merit if NRS 450.400(1) had stopped by requiring the patient "reasonably believed to be indigent" to be "(a) Entitled under the laws of this state to . . . aid from the other county[.]" Unfortunately for Nye County's position, however, NRS 450.400(1) goes on to provide an alternative basis for a statutory cause of action in the treating hospital as follows: "or (b) [who is] [i]njured, maimed or falls sick in the other county . . . . " This latter alternative provision does not require the patient to be legally entitled to county aid.

medical treatment for a resident of another county 'who is reasonably believed to be indigent, as defined in NRS 439B.310 . . . .'" *Nye County I,* 108 Nev. at 493, 835 P.2d at 781. Since the only available evidence showed that Delapeza was indigent under NRS 439B.310, there was sufficient grounds for WMC's assertion, and the district court's finding, that it was reasonable to believe Delapeza was indigent. In other words, the initial burden on the hospital is to show grounds for a reasonable belief that the patient is indigent, which must then be rebutted by the county. The evidence having established grounds for such a reasonable belief, and Nye County having failed to rebut the same, WMC was entitled to payment.

Nye County nevertheless argues that while the income requirements of NRS 439B.310 may have been established, the other requirements listed therein (such as ineligibility for medicare or other public assistance, or meeting the limitations on assets imposed by the county (*see supra,* note 3)) were not shown. In light of the foregoing explanation concerning the burden of proof, however, this contention must be rejected. The only evidence presented on the subject of Delapeza's indigency supported both a reasonable belief and finding of indigency. Therefore, WMC was statutorily entitled to payment. The duty of rebutting a reasonable belief of indigency fell upon Nye County, and no such rebutting evidence was presented.

## CONCLUSION

For the reasons stated above, the judgment entered by the district court is affirmed.