An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRENCE BROTHERS,
Appellant,
vs.
MICHAEL FLETCHER,
Respondent.

No. 61702

**FILED**

APR 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Having considered the record and appellant's civil proper person appeal statement, we conclude that the district court did not err in dismissing appellant's complaint for failure to properly exhaust his administrative remedies. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) ( "[A plaintiff's] complaint should be dismissed only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [him] to relief."). Nevada law requires that an inmate bringing a tort action against the Nevada Department of Corrections (NDOC) must first exhaust administrative remedies. *See* NRS 41.0322(1). NDOC prison regulations further provide that, to exhaust administrative remedies, an inmate must correct and resubmit any unaccepted grievance or unaccepted appeal stemming from a grievance within five days, otherwise the grievance is considered abandoned. NDOC AR 740.09(4)(A) and (B) (2010).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11714

Here, appellant timely submitted his second level grievance, which was not accepted because it requested a different remedy than the initial grievance, the termination of an NDOC officer. Respondents notified appellant in writing that the second level grievance was not accepted due to the inclusion of the request for this new remedy, and appellant acknowledged receipt of this notice on July 5, 2012. Consequently, appellant was required to resubmit the second level grievance by July 10, 2013, to comply. *Id.* Appellant, however, failed to resubmit this document, and thus, his grievance was deemed abandoned and, as a result, he failed to exhaust his administrative remedies. *See id.*; NRS 41.0322(1). Although appellant asserts on appeal that his complaint was not tort-based, and thus, was not subject to NRS 41.0322 or NRS 209.243(1), appellant has waived this argument because the argument was not raised in the district court, and we therefore decline to consider it for the first time on appeal. *See Nye Cnty. v. Washoe Med. Ctr.*, 108 Nev. 490, 493, 835 P.2d 780, 782 (1992) (holding that failure to raise an argument in district court generally waives the opportunity to present the argument on appeal).

Finally, appellant argues that he was not provided proper notice to attend or prepare for the hearing on the motion to dismiss. Contrary to appellant's assertion, however, the record demonstrates that respondents provided appellant with two notices regarding the scheduled hearing, that appellant filed an opposition to the motion to dismiss and that he was able to present oral argument to the court. Thus, this argument is without merit.

For the reasons set forth above, we conclude that the district court did not err in dismissing the underlying action, *Buzz Stew,* 124 Nev. at 228, 181 P.3d at 672, and we therefore

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Ronald J. Israel, District Judge
      Terrence Brothers
      Attorney General/Carson City
      Eighth District Court Clerk

---

[1]In light of the basis for our resolution of this matter, it is not necessary to reach appellant's remaining arguments.